[Civ. No. 1235.    Third Appellate District.—October 7, 1914.]

## JOHN E. BUCKLEY, Respondent, v. COUNTY OF MARIN, Appellant.

NEW TRIAL—GENERAL ORDER GRANTING—INSUFFICIENCY OF EVIDENCE—
    DISCRETION OF COURT—REVIEW BY APPELLATE COURT.—When an order granting a new trial is general it is the well-settled rule that such order will not be reversed unless it appears that the order itself was an abuse of discretion.    The granting or denying of a new trial on the ground that the evidence is insufficient to justify the verdict, where there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court that its action is conclusive upon the appellate court, unless it appears that there has been an abuse of such discretion, and it is immaterial whether the evidence is insufficient to sustain all or only a portion of the issues on which the judgment depends.

25 Cal. App.—37

CONTRACTS—CONSTRUCTION OF BRIDGE FOR COUNTY—PERFORMANCE—
WHAT CONSTITUTES.—Under a contract for the construction of a
bridge for a county, in order for the contractor to recover, either
on the contract or on *quantum meruit* for the reasonable value of
the work and material, he must show a substantial performance and
that he attempted in good faith to perform the contract.

ID.—NEW TRIAL—ORDER GRANTING—SPECIAL VERDICT—MOTION FOR
JUDGMENT ON—WHEN DISCRETION NOT ABUSED.—Where the jury, in
an action to recover for such work, found, from conflicting evidence,
upon special issues, that the contractor did not "honestly" nor "in
good faith endeavor to comply with the terms and conditions of
said contract," and did not "complete said work substantially in
accordance with the terms and conditions of said contract," but
that the reasonable value of the services performed and material
furnished were three thousand dollars, for which sum it rendered a
general verdict in favor of the plaintiff, it was not an abuse of dis-
cretion for the trial court to grant plaintiff's motion for a new trial,
and to deny defendant's motion for judgment in its favor on the
special findings.

ID.—ORDER DENYING MOTION FOR JUDGMENT ON SPECIAL FINDINGS—
RULE IN REVIEWING.—In such a case, in denying defendant's mo-
tion for judgment in its favor on the first special finding, the court
had the power to exercise its own judgment as to the sufficiency
of the evidence to support such finding, and there being a substan-
tial conflict in the evidence addressed to the issues by that finding
determined, the rule applicable to the motion for a new trial is
equally applicable to defendant's motion, and unless the appellate
court can say that the trial court abused its discretion its action
is conclusive on appeal.

APPEAL from an order of the Superior Court of Marin
County granting a new trial and an order denying a motion
for judgment on special finding. George H. Buck, Judge
presiding.

The facts are stated in the opinion of the court.

Thos. P. Boyd, District Attorney, and W. B. Crocker, for
Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

CHIPMAN, P. J.—This is an action commenced by plain-
tiff, as assignee of the Dundon Bridge and Construction Com-
pany, against the county of Marin, and arises out of a con-
tract entered into between the said company and defendant

for the construction of a bridge across the tidal channel separating Belvedere from Tiburon in said county. Two causes of action are set forth in the complaint: 1. To recover the sum of seven thousand dollars, the contract price for the work described in the complaint. 2. To recover the reasonable value of the work done, not to exceed the sum of seven thousand dollars.

It is alleged in the first count of the complaint that plaintiff's assignor commenced the work on September 1, 1903, and prosecuted same "with due diligence, and thereafter duly performed said contract and all the terms and conditions thereof and fully completed the same on the 1st day of February, 1905." In the second count it is alleged that plaintiff's assignor, between the dates above named, performed certain labor and furnished certain materials in and about the construction of said bridge; "that said work in the performance of which said services were rendered and said materials furnished, was completed on the first day of February, 1905. That said defendant and the public generally are now, and ever since the completion of said bridge have been using and enjoying the same. That the reasonable value of said services so rendered and said materials so furnished, as aforesaid, was and is eleven thousand ($11,000) dollars," and judgment is prayed for the sum of seven thousand dollars, the amount fixed by the contract.

Defendant, in its answer, sets up the defense of nonperformance of the contract and specifies numerous particulars in respect of which it is alleged that it has been breached; that the county surveyor has recommended that the work be not accepted and that the board of supervisors has never accepted said work as completed, nor has it accepted any part thereof. "Defendant denies that ever since the alleged completion of said bridge, or at any other time or at all, it has been using or enjoying the same. Defendant admits that the public generally are now and ever since the alleged completion of said bridge has been using said bridge, but denies that it has been enjoying the same." Denies that the reasonable value of the services rendered or materials furnished as alleged are of the value of seven thousand dollars or any other sum.

The trial was had before a jury and upon the submission of the case the court directed the jury to find upon the following special issues: "1. Did the Dundon Bridge and Construction

Company honestly and in good faith endeavor to comply with
the terms and conditions of said contract entered into between
itself and the defendant in this case; and did said company
complete said work substantially in accordance with the terms
and conditions of said contract? 2. What is the reasonable
value to the defendant of the work performed and materials
furnished by said Dundon Bridge and Construction Company
in constructing said drawbridge, pile foundation, concrete
walls, filling and sidewalks described in plaintiff's amended
complaint?" To the first question the jury answered "No."
To the second the response was "$3,000.00." The jury also
returned a general verdict as follows: "We the jury in the
above entitled cause, find for the plaintiff in the sum of
$3,000."

In due time defendant moved the court to direct the clerk to
enter judgment, in accordance with special finding No. 1, that
plaintiff take nothing by his action and for defendant's costs
of suit. Plaintiff also in due time moved the court for a new
trial and both motions were heard by the court at the same
time. The court denied defendant's motion and directed the
clerk "to enter judgment *nunc pro tunc* in accordance with
the verdict rendered herein" and thereupon granted plain-
tiff's motion for a new trial. Defendant appeals from the or-
der denying its motion for judgment on the special finding
and also from the order granting plaintiff's motion for a new
trial.

When the order granting a new trial is general it is the
well-settled rule that such order will not be reversed unless
it appears that the order itself was an abuse of discretion.
(*Von Schroeder* v. *Spreckels,* 147 Cal. 186, [81 Pac. 515];
*Estate of Evarts,* 163 Cal. 449, 452, [125 Pac. 1058].) In
*Domico* v. *Cassassa,* 101 Cal. 412, 413, [35 Pac. 1024], the
court said: "The granting or denying of a new trial on the
ground that the evidence is insufficient to justify the verdict"
(which was one of the plaintiff's grounds for his motion),
"where there is a substantial conflict in the evidence, rests so
fully in the discretion of the trial court that its action is con-
clusive upon this court, unless it appears that there has been
an abuse of such discretion; and it is immaterial whether the
evidence is insufficient to sustain all or only a portion of the
issues on which the judgment depends."

We do not deem it necessary to quote from the testimony of the witnesses relating to the numerous particulars in respect of which defendant claims that the evidence shows a failure on the contractor's part to perform the work in the manner called for by the contract. There is a substantial conflict in the evidence respecting the completion of the contract and there is a like conflict in the evidence concerning nearly every one of the alleged departures from or violations of the contract in the particulars pointed out by the defendant in its brief.

Defendant places its chief reliance upon what it claims to be the doctrine in this state: ''That the owner is entitled to have built in all essential particulars the structure he contracted for, and no other; second, that where there has been departures from the plans in substantial particulars, the court can have no occasion to estimate the deficiencies, and the contractor cannot recover on a *quantum meruit.*'' In support of its contention defendant cites *Clark* v. *Collier,* 100 Cal. 256, [34 Pac. 677]; *Perry* v. *Quackenbush,* 105 Cal. 300, [38 Pac. 740]; *Golden Gate Lumber Co.* v. *Schwabacker,* 105 Cal. 117, [38 Pac. 635]; *Marchand* v. *Hayes,* 117 Cal. 669, [49 Pac. 840], and *Laidlaw* v. *Marye,* 133 Cal. 170, [65 Pac. 391].

Respondent relies upon the rule as found in 3 Page on Contracts, p. 1385: ''The original common-law rule required a strict and literal performance as a condition precedent to recovery. The modern rule permits recovery without a strict and literal performance, if there has been a substantial performance, and the contractor has attempted in good faith to perform the contract. If a contract has been performed substantially, and deviations from the contract have been made but not willfully and in bad faith, the parties so performing can recover the contract price less the amount of damages caused by such deviation.''

The rule is very clearly laid down and the cases examined in *Laidlaw* v. *Marye,* 133 Cal. 170, [65 Pac. 391]. In that case the controversy was between the assignee of the original contractor and the owner, in an action on the contract and also in *quantum meruit et valebat,* where the contract was ''wholly void,'' under the provisions of section 1183 of the Code of Civil Procedure, because not recorded. It was held that there could be no recovery because it appeared that ''the variance between the work called for and the work done was

substantial." (Citing *Perry* v. *Quackenbush,* 105 Cal. 300, [38 Pac. 740] and *Marchand* v. *Hayes,* 117 Cal. 669, [49 Pac. 840].)

The jury, as we have seen, found that the contractor did not "honestly" nor "in good faith endeavor to comply with the terms and conditions of said contract"; and did not "complete said work substantially in accordance with the terms and conditions of said contract." Had this finding of the jury rested upon uncontroverted evidence it would, in our opinion, have justified a judgment in defendant's favor, for all the cases enunciating the more modern rule require, as Mr. Page expresses it, that there should be "a substantial performance and that the contractor has attempted in good faith to perform the contract," precisely the thing which the jury found the contractor did not do in the present case. This finding, however, does not rest upon uncontroverted evidence, and the rule first above adverted to applies equally to "all or only a portion of the issues on which the judgment depends." (*Domico* v. *Cassassa,* 101 Cal, 412, [35 Pac. 1024].) There was a substantial conflict upon most of the issues presented in the case and we cannot say that the court abused its discretion in reaching the conclusion that there should be a new trial.

In denying defendant's motion for judgment in its favor on the first special finding, the court had the power to exercise its own judgment as to the sufficiency of the evidence to support such finding, and there being a substantial conflict in the evidence addressed to the issues by that finding determined, the rule applicable to the motion for a new trial is equally applicable to defendant's motion, and unless we can say that the court abused its discretion its action is conclusive upon this court. We cannot so say.

The orders are affirmed.

Hart, J., and Burnett, J., concurred.