[Civ. No. 2390. First Appellate District.—May 4, 1918.]

## DINO DELLA MORA, Respondent, v. C. FAVILLA, Appellant.

ORDER GRANTING NEW TRIAL—REASONS NOT SPECIFIED—RULE ON APPEAL.—Where a new trial is granted without specifying reasons, if there is any good reason contained in the notice of motion, the order will not be disturbed on appeal.

NEGLIGENCE—VIOLATION OF ORDINANCE.—The violation of an ordinance in and of itself constitutes an established negligence.

ID.—FALL UPON WET SIDEWALK—ORDER GRANTING NEW TRIAL—VIOLATION OF ORDINANCE.—In an action for damages for personal injuries by slipping and falling on a steep sidewalk in the city and county of San Francisco, which had been washed by defendant at an hour when the washing of sidewalks was prohibited by ordinance, an order granting the plaintiff a new trial will not be disturbed on appeal, since the violation of such ordinance constitutes negligence.

MUNICIPAL CORPORATIONS—ORDINANCE PROHIBITING WASHING OF SIDEWALKS BETWEEN CERTAIN HOURS—PURPOSE.—An ordinance of the city and county of San Francisco making it unlawful to wash a sidewalk between the hours of 8 A. M. and 6 P. M. was designed principally to protect people upon the streets from the inconvenience or danger of wet and slippery sidewalks, rather than to conserve the water supply of the city.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

James A. Bacigalupi, Edmund Nelson, and Michele Cimbalo, for Appellant.

Joseph A. Brown, and Frank J. Egan, for Respondent.

BEASLY, J., *pro tem.*—The plaintiff was injured by slipping and falling on a steep sidewalk in the city of San Francisco. The sidewalk had been wetted by being washed by the defendant at 10 o'clock on the morning of the accident, and it was claimed that the wet and slippery condition of the sidewalk caused the plaintiff to fall. By washing the sidewalk at that hour defendant violated an ordinance of the city and county which made it unlawful to wash a sidewalk between 8 A. M. and 6 P. M. The defenses were the legal contention that the ordinance was not designed for the protection of pedestrians on a sidewalk, but that its purpose was to conserve the water supply of the city, and hence, that it did not constitute negligence between the parties here for the defendant to wash the sidewalk in violation of the ordinance; and, second, the allegation as a fact in the answer that the plaintiff was intoxicated when the accident occurred, and that this either caused or contributed to his fall. The jury found for the defendant. The plaintiff moved for a new trial on the grounds of insufficiency of the evidence to justify the verdict; that it was against law; and of errors occurring at the trial. The court granted the motion without specifying its reasons. If, therefore, there is any good reason for granting it contained in the notice, the order will not be disturbed.

The trial court instructed the jury at length as to the bearing of this ordinance on the case, the gist of its charge on that subject being comprised in an instruction which read as follows: "The violation of an ordinance in and of itself constitutes and establishes negligence. Therefore, if the plaintiff in this case has satisfied you that the defendant here on the occasion in question violated that ordinance, then he has established negligence on the part of the defendant. And the

next question for you to determine would be whether such negligence on the part of the defendant directly contributed to and caused the injury that the plaintiff has suffered.''

This instruction correctly stated the law, which is so well settled in this jurisdiction as to need no citation of authority to support it. If the broad proposition of law so established in this state, and given to the jury by the trial court in this case, is to be changed or modified, it must be done by the supreme court. It is not the function of this court to change it. This being so, the trial court was justified in holding that the negligence of the defendant was established.

It is contended that the sole purpose of this ordinance is to conserve the water supply of San Francisco; that it was not designed nor adopted for the purpose of protecting people upon the streets from the inconvenience or danger of wet and slippery sidewalks.

With this contention we are unable to agree. The ordinance provides that sidewalks shall not be washed between the hours of 8 A. M. and 6 P. M. It is a matter of judicial knowledge that the heaviest foot-passenger traffic upon the streets of San Francisco takes place between those hours, and that pedestrians would be annoyed and inconvenienced, and upon the steeper sidewalks of the city endangered, by having the sidewalks wet and slippery when pedestrians were most numerous thereon. For these reasons we think it clear that while the ordinance may have been designed also to conserve the water supply of the city, another purpose, and the principal purpose of the ordinance, obviously was that the sidewalks should not be made inconvenient, annoying, and dangerous to the pedestrian population of the city during the hours when most in use.

The other question involved in the action was that of contributory negligence upon the part of the plaintiff, it being contended by the defendant that the plaintiff at the time of the accident was intoxicated, and that his intoxication contributed thereto.

The defendant himself testified that he had not drunk anything that morning. He was strongly corroborated by other witnesses, although the testimony upon this point was not all one way. The trial court had the witnesses before it. The verdict of the jury must have been based, in view of the law as to the violation of the ordinance establishing negligence in

the defendant, upon the contributory negligence of the plaintiff. If the trial court, having the evidence before it and having seen the witnesses, determined that the verdict upon this point was not supported by the evidence, then it was the duty of the trial court to do exactly what it did, namely, to grant the plaintiff a new trial. Presuming that the trial court acted either upon a conviction that its instruction that negligence was established by proof of the violation of the ordinance was not followed by the jury, or that the jury found contributory negligence upon the part of the plaintiff when by the great preponderance of the evidence such contributory negligence did not exist, and accordingly granted a new trial, the order granting the same must be affirmed. It is so ordered.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.