[S. F. No. 9213. In Bank.—June 16, 1921.]

DINO DELLA MORA, Respondent, v. C. FAVILLA, Appellant.

[1] NEGLIGENCE—PLEADING AND EVIDENCE—SCOPE OF PROOF OF CONTRIBUTORY NEGLIGENCE.—In an action for personal injuries, where the answer averred that such injuries were contributed to and proximately caused by plaintiff's intoxicated condition and his recklessness, negligence, and lack of ordinary care, the alleged contribution of plaintiff to his injuries was not limited to proof of a state of intoxication, but covered negligence and want of care in any other particular.

[2] ID.—VIOLATION OF ORDINANCE—WHEN CONCLUSIVE ACT OF NEGLIGENCE.—An act which is performed in violation of an ordinance

---

1. When drunkenness amounts to contributory negligence in case of injury in street or highway, notes, 25 Am. St. Rep. 39; 19 Ann. Cas. 1176; Ann. Cas. 1914D, 114; 40 L. R. A. 138; 47 L. R. A. (N. S.) 737; L. R. A. 1916F, 102.

2. Violation of statute or ordinance as actionable negligence, notes, 9 Ann. Cas. 427; Ann. Cas. 1912D, 1106; Ann. Cas. 1916B, 301.

or statute is presumptively an act of negligence, and while the defendant is permitted to rebut such presumption by showing that the act was justifiable or excusable under the circumstances, until so rebutted it is conclusive.

[3] ID.—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE OF INJURY——INSTRUCTION.—In an action for personal injuries, an instruction that the jury must find for the defendant if the plaintiff's contributory negligence was the proximate cause of the injuries, was without prejudice, where the jury was also instructed that a want of ordinary care by plaintiff concurring or co-operating with the negligent act of the defendant as the cause of the injuries constituted contributory negligence.

[4] ID.—PERSONAL INJURIES—FALL UPON WET SIDEWALK—CONTRIBUTORY NEGLIGENCE—PROOF OF INTOXICATION AS CONDITION—ERRONEOUS INSTRUCTION.—In an action for personal injuries suffered in falling upon a wet and slippery sidewalk in front of defendant's premises, an instruction that it was a question of fact for the jury to determine whether plaintiff was at the time of the accident intoxicated, and that if he was not, and it was found that the injury was sustained without any contributory negligence on his part, a verdict should be found in his favor, was erroneous, as suggesting that proof of a state of intoxication was an essential condition to finding him guilty of contributory negligence.

[5] ID.—LACK OF CONTRIBUTORY NEGLIGENCE—VERDICT FOR PLAINTIFF—ERRONEOUS INSTRUCTION.—An instruction in such an action that if the jury should find that plaintiff was not intoxicated at the time of the accident and that the injury was sustained without any contributory negligence on his part, a verdict should be found in his favor, was erroneous, as directing a verdict without reference to proof of defendant's negligence.

[6] ID.—EXERCISE OF CARE—DUTY OF PLAINTIFF—INSTRUCTIONS WITHIN ISSUES.—In an action for personal injuries suffered in falling upon a wet and slippery sidewalk in front of defendant's premises, which defendant had wet down with a hose just prior to the accident, in violation of a city ordinance prohibiting the wetting down or washing of sidewalks between certain hours, instructions that the plaintiff could not recover if it was found that plaintiff knew the sidewalk was wet and did not use ordinary care, and knew, or had reason to know, that it was dangerous to pass over it, and that defendant warned and requested plaintiff not to pass over it but to pass in the street, were within the issues of fact before the jury on the evidence.

[7] ID.—EVIDENCE—CHARACTER OF STREET—JUDICIAL NOTICE.—Where in such action it sufficiently appeared that the locality of the accident was a downtown street of a city, it may be presumed as a matter of common knowledge that there were two sides of the street with sidewalks on each side, and a roadway between.

[8] ID.—VIOLATION OF ORDINANCE—REBUTTAL OF PRESUMPTION OF NEGLIGENCE—INSTRUCTION.—Where in such action there was evidence that the sidewalk was in a dirty and greasy condition, an instruction should have been given that the presumption of negligence arising from disobedience of the ordinance was not conclusive, but subject to rebuttal by evidence of an overruling necessity for such violation to avoid more serious danger to pedestrians.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge. Reversed.

The facts are stated in the opinion of the court.

O'Gara & De Martini for Appellant.

Frank J. Egan and Joseph A. Brown for Respondent.

SLOANE, J.—This appeal is by defendant from a judgment awarding damages to the plaintiff for personal injuries suffered by him in falling upon a wet and slippery sidewalk in front of defendant's premises.

On a former trial of the action the verdict of the jury and judgment was for the defendant. On appeal an order for a new trial granted by the trial court was affirmed. (*Mora* v. *Favilla,* 37 Cal. App. 164, [173 Pac. 770].)   On the second trial the verdict and judgment appealed from fixed plaintiff's damages at the sum of two thousand five hundred dollars.   This amount was reduced to one thousand eight hundred dollars, with the consent of plaintiff, as a condition made by the trial court in denying defendant's motion for another new trial.

The alleged negligence of defendant consisted in his having wet down the sidewalk with the hose just prior to the time that plaintiff was injured, about 10 o'clock in the forenoon, in violation of a city ordinance which prohibited the wetting down or washing of sidewalks between the hours of 8 in the morning and 6 in the evening.

The walk in question is on Montgomery Street, in the City of San Francisco, and at a steep place in the street presenting a grade of about twenty per cent.   In attempting to pass down this strip of sidewalk the plaintiff slipped and fell, breaking his leg.

[1] The defendant by his answer alleged contributory negligence on the part of plaintiff. Plaintiff's negligence was sufficiently pleaded. It was averred, ''That during all said times plaintiff was intoxicated, reckless, indifferent, and thoughtless as to the consequences of his movements. That any and all injuries, if any, received and sustained by plaintiff as set out in the complaint on file herein, were so received and sustained by him and caused to him solely by reason of his intoxicated condition aforesaid and of his own recklessness, negligence, and lack of ordinary care. That the alleged injuries to plaintiff were contributed to and proximately caused by the said intoxicated condition of plaintiff, and the carelessness and negligence aforesaid, and if it had not been for said intoxicated condition, carelessness, and negligence of plaintiff, no injury or injuries would have been suffered by or inflicted upon plaintiff because of or as a result of the conduct of defendant complained of in said complaint.'' The alleged contribution of plaintiff to his accident is not limited to proof of a state of intoxication but covers negligence and want of care in any other particular.

Conceding the sufficiency of the evidence to make a *prima facie* showing that defendant was guilty of negligence in turning water upon the sidewalk at the time of day indicated, and that the plaintiff was not guilty of contributory negligence in attempting to use the walk with full knowledge that it was wet, we agree with the contention of defendant that material issues in the case were taken from the jury by erroneous instructions given for defendant and by refusal to grant certain instructions asked by plaintiff.

[2] Instruction numbered one, complained of on this appeal, is not in itself subject to serious criticism. It instructs the jury that the violation of an ordinance constitutes negligence in itself.

An act which is performed in violation of an ordinance or statute is presumptively an act of negligence, and while the defendant is permitted to rebut such presumption by showing that the act was justifiable or excusable under the circumstances, until so rebutted it is conclusive. (*Harris* v. *Johnson*, 174 Cal. 56, 58, [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155]; Shearman & Redfield on Negligence,

p. 13; *Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663, 667, [16 Ann. Cas. 1061, 98 Pac. 1063]; *Squier* v. *Davis Standard Bread Co.*, 181 Cal. 533, [185 Pac. 391].) In this instruction as it stands there is no condition stated as to the effect of contributory negligence on the right of recovery, but respondent claims that such omission is cured by instructions numbered 5 and 6, which correctly define contributory negligence, and inform the jury that it must find for the defendant, if the plaintiff was guilty of contributory negligence at the time of the happening of the accident in question, and if such negligence on his part was the proximate cause of the accident.

[3] It is objected that the statement in this instruction as to the contributory negligence being the "proximate cause" of the accident is too broad. In view of the fact, however, that in the instruction immediately preceding the jury was told that a want of ordinary care by plaintiff "concurring or co-operating with the negligent act of the defendant" as the cause of the injury constitutes contributory negligence, this instruction may be held without prejudice.

[4] But in summing up the charge to the jury the court in an oral instruction used the following language: "Some evidence has been introduced here as to the condition of the plaintiff with respect to sobriety at the time of the injury in question. You have heard this testimony and you are to determine from that what in fact was his condition. It is a question of fact for you to determine whether he was at that time intoxicated, or not. If you should find that he was not, and that the injury was sustained without any contributory negligence on his part, then it is your duty to find a verdict in favor of the plaintiff."

Coming after the written instructions presented by the parties to the action, in an oral statement of the law of the case by the court, the instruction was likely taken by the jury as a summing up of the view of the court upon the questions presented. It contains two grounds of objection. First, it suggests that proof of a state of intoxication on the part of plaintiff is an essential condition to finding him guilty of contributory negligence; [5] and, secondly, it instructs a verdict in such case for the plaintiff without reference to proof of the defendant's negligence. In fact, the earlier part of this oral charge practically fixes the negligence of the de-

fendant as a matter of law. The trial judge says: "Now, the plaintiff in this case has established, concededly, a violation of the ordinance. That of itself was negligence on the part of the defendant." There was an attempt under the evidence in behalf of defendant to show that the sidewalk was in such a dirty and dangerous condition by reason of boys of the neighborhood having been sliding down the incline of the walk on greased boards, as to justify washing it off at any time of day irrespective of the inhibition of the ordinance. This condition was disputed on behalf of plaintiff, but it may well be contended that the facts in evidence raised a question for the jury as to whether or not the defendant was guilty of negligence in washing the sidewalk although in violation of the ordinance, or even that the water on the sidewalk was the proximate cause of defendant falling and suffering injury. It is common knowledge that it is difficult to remove grease with water, particularly cold water from a hose, and it may well be that the remains of the grease which defendant had attempted to remove caused plaintiff to fall. And, in any event, it was for the jury to determine, in the light of this claim of necessity for washing the sidewalk, whether the act of using the hose at the forbidden time of day established a want of ordinary care and prudence. It may sometimes happen that prudence, and safety to life and limb, require the doing of an act which otherwise would be a violation of law. (*Squier* v. *Davis Standard Bread Co.*, 181 Cal. 533, 535, [185 Pac. 391].) It is difficult to escape the conclusion that there was prejudicial error in the construction of the law given by the instruction. Taken in connection with the refusal of the court to give certain instructions asked by defendant, which would have cured error in the instructions given, we think a new trial should be had.

[6] The following instructions, presented on behalf of defendant, were refused:

"13. If you find from the evidence that plaintiff knew that said sidewalk was wet and he did not use the care that a person of ordinary prudence would have used in passing over said sidewalk under the circumstances, and in consequence fell and suffered his injuries, then I instruct you that plaintiff cannot recover.

"15. If you find from the evidence that plaintiff at the
time he attempted to pass over said sidewalk in front of de-
fendant's building situate on Montgomery Street, in this
city, and designated as Nos. 1130, 1132 Montgomery Street,
knew that it was dangerous or unsafe to attempt to pass over
said sidewalk or knew or had reason to know and should
have known that it was imprudent for him to attempt to
pass over said sidewalk, and you further find that there was
at hand another safe and convenient way which he could
have easily and readily have taken in going the way he de-
sired to go and that nevertheless he attempted to pass over
said sidewalk and in consequence fell and came to his in-
juries, then I instruct you that plaintiff was negligent in
attempting to pass over said sidewalk and cannot recover.

"16. Even if defendant was negligent because he violated
Ordinance No. 1035 respecting the washing of sidewalks,
which was read in evidence, and even if you find that the
washing of said sidewalk did cause or occasion plaintiff's fall
and his injuries, still if you find that the said sidewalk was
at the time plaintiff attempted to walk over it in such condi-
tion that it was then apparent and would have been apparent
then to any person of ordinary prudence, who was about to
walk over said sidewalk or attempted to walk over said side-
walk, that it was dangerous to attempt to cross said sidewalk
and you further find that defendant warned plaintiff, that
said sidewalk over which he was about to pass had been
washed and requested him not to pass over said side-
walk but to pass in the street, and you further find that
plaintiff could have easily and conveniently avoided passing
over said sidewalk by taking another safe and convenient
way and that there was plainly at hand another safe and con-
venient way which he could easily and readily have taken
in going the way he desired to go, and that nevertheless he
attempted to pass over said sidewalk and in consequence fell
and received his injuries, then I instruct you plaintiff cannot
recover and you must find in favor of defendant.

"17. If you find that the said sidewalk in front of defend-
ant's said building was before and at the time defendant be-
gan to wash said sidewalk greasy and in consequence danger-
ously slippery and seriously dangerous to defendant, the
members of his family then living in said building, and to
pedestrians that should pass over said sidewalk and seriously

impaired to defendant the enjoyment of said building, then I instruct you that the defendant had the right to remove said danger from said sidewalk by the reasonable use of the means necessary to remove said danger, even though he did so within the hours of 8 o'clock A. M. and 6 o'clock P. M.''

These proposed instructions state the law with substantial correctness, and, we think, were within the issues of fact before the jury on the evidence.

Plaintiff himself testified that as he approached this strip of sidewalk the defendant was in front of his premises turning the water upon and over the sidewalk from an inch and a half hose, and that the water was running over the surface of the walk. He, therefore, knew that the sidewalk was wet. Defendant states in his testimony that he warned plaintiff of the condition of the walk. He testified: ''When plaintiff came out of Mrs. Modena's house he was coming down in this manner [witness illustrates by staggering] and when he was in front of me and I told him to pass on that side for it was damp on this side. He was about to approach and pass in front of me, he don't want to go on the other side but he come on towards me, . . . and at the same time he fell on the ground.''

Conceding that defendant was negligent and that the sidewalk was in a dangerous condition by reason of defendant's fault, this did not justify the plaintiff in passing over it if he had knowledge or warning of its condition and if he knew, or ought as a reasonable man to have known, that he was liable to slip and fall.

The evidence presented an issue on this point and plaintiff was entitled to an instruction as to plaintiff's duty under such a state of facts.

The fact that defendant had wrongfully and unlawfully created a dangerous condition of the sidewalk would not excuse plaintiff in exposing himself to injury if he knew or had warning of the dangerous condition and could with a slight change of route have avoided it.

[7]  It is said there is no evidence in the record that there was any conveniently safe alternative open to plaintiff to avoid passing down this walk. It sufficiently appears that the locality of the accident was a downtown street of the city of San Francisco. It may be presumed as a matter of common knowledge that there were two sides to the street with

sidewalks on each side, and a roadway between. It also may be inferred from the record that it was a residence district and presumptively not so congested with travel that a pedestrian could not safely make a detour around a dangerous place in the sidewalk. It, at most, was fairly a matter for the jury to determine whether or not in the exercise of reasonable prudence the plaintiff should have made an attempt to avoid this wet sidewalk. The instruction as to his duty in the premises, if he knew or was warned of his danger, should have been given.

[8] We think, also, the instruction should have been given informing the jury that the presumption of negligence from disobedience of the ordinance forbidding turning water on the sidewalk after 8 in the morning was not conclusive, but was subject to rebuttal by evidence of an overruling necessity for such act to avoid more serious danger to pedestrians passing over that portion of the street.

There was sufficient evidence bearing on this point to require its submission to the jury under such an instruction.

The judgment is reversed.

Shaw, J., and Lennon, J., concurred.

WILBUR, J., Concurring.—I concur in the judgment of reversal. By Ordinance No. 1035 of the city and county of San Francisco, it is declared unlawful for any person to wash or cause to be washed any sidewalk or street, with a hose or otherwise, between the hours of 8 o'clock A. M. and 6 o'clock P. M. It was conceded by the defendant that some time between 9 and 10 o'clock A. M. he washed down the sidewalk in front of his premises using a hose for this purpose. The court correctly instructed the jury in instruction No. 8: "Hence such act was in violation of the ordinance, and that violation constitutes negligence in and of itself. In order, however, for any plaintiff who brings an action to recover damages for injuries sustained or alleged to have been sustained on account of the injuries suffered, it must appear that the injuries suffered resulted from negligence on the part of the defendant, and that such negligence was the immediate and proximate cause of the injuries of which plaintiff complains. Now, the plaintiff in this case has established, concededly, violation of the ordinance. That of itself was

negligence on the part of the defendant. Now, then, in order to enable the plaintiff, however, to recover upon that ground, it must appear that the violation of the ordinance directly contributed to the plaintiff's injury.''

The court instructed the jury to the same effect in instruction No. 1 and in instruction No. 2. By instruction No. 1 the jury were informed that a violation of the ordinance constituted negligence and that if they found ''that the plaintiff slipped and fell by reason of the wet condition of the sidewalk so caused by the defendant and that the plaintiff thereby broke his leg that your verdict should be for the plaintiff for such amount as you believe from the evidence the plaintiff is entitled to.'' Instruction No. 2 was to the same effect, concluding as follows: ''And thereby caused the same to become wet and that by reason of the wet condition of said sidewalk and without any negligence on his part, plaintiff slipped and broke his leg, your verdict must be for the plaintiff.'' By instruction No. 3 the jury were informed that the negligence of the defendant, in order to justify a recovery, must be the proximate cause of the plaintiff's injury.

Two defenses were relied upon by the defendant,—first, that the washing of the sidewalk was necessary by reason of the fact that the walk was dirty and greasy. The second, that the plaintiff was guilty of contributory negligence in that he was intoxicated, ''and because of his intoxicated condition plaintiff failed to exercise ordinary care for his own safety. That during all of said times plaintiff was intoxicated, reckless, indifferent, and thoughtless as to the consequences of his movements.'' That his injuries were received by reason of his intoxicated condition aforesaid and of his own recklessness, negligence, and lack of ordinary care.

With reference to the first defense: It appeared from the defendant's evidence that he discovered the day before that boys were sliding down the sidewalks on greased boards and as a result the sidewalk had become greasy and slippery. The next day, Sunday, he swept the sidewalk, washed it and scrubbed it. Defendant testified that he had completed the task of cleaning the sidewalk and that it had been completely cleansed and the dirt and grease removed more than twenty minutes before the accident happened; that the sidewalk was damp but not wet or slippery at the time of the accident.

Conceding that it is proper to show in defense of such an action that an act which is within the literal prohibition of the ordinance is nevertheless justifiable and excusable under all the circumstances, either because the act was not within the intent of the legislative body or because some higher obligation required it to be disregarded under the circumstances, it nevertheless appears that under the facts shown by the defendant the court should have held, as it did, that no such excuse or justification was shown and that therefore the violation of the terms of the ordinance was negligence *per se.*

With reference to the question of contributory negligence: The defendant testified that the sidewalk was merely damp at the time of the injury, but the plaintiff, on the other hand, testified that the defendant was engaged in washing the sidewalk at the time he approached and was discharging water thereon from an inch and a half hose; that the sidewalk was very wet and slippery; that he took one step and found that the sidewalk was slippery and when he put his foot down for the second step he slipped and fell before he had an opportunity to retreat.    The defendant, on the other hand, testified that he warned the plaintiff of the condition of the sidewalk and advised him to avoid the wet portion of the sidewalk; that plaintiff stopped and talked to him for some time and upon turning to leave suddenly fell and broke his leg.    In this condition of the record the court gave instruction No. 5, defining contributory negligence as follows: ''Contributory negligence is such an act or omission on the part of the plaintiff amounting to a want of ordinary care, as concurring or co-operating with the negligent act of the defendant is the proximate cause of the injury complained of, but to constitute a defense it must be affirmatively shown by the defendant, unless it has been shown by, or can be inferred from, the evidence of the plaintiff.''    The court also gave the oral instruction quoted in the main opinion.    It might be inferred by the jury from this latter instruction that it was necessary for them to find that the plaintiff was intoxicated in order to find that he was guilty of contributory negligence, notwithstanding the fact that contributory negligence was defined in instruction No. 5 as a lack of ordinary care.    If it was not negligence as a matter of law for the plaintiff to walk on a wet sidewalk where the conditions were perfectly obvious in broad daylight, where he had observed

186 Cal.—14

those conditions and proceeded after such notice to walk upon the sidewalk, a point which we need not determine, it is clear that the defendant was entitled to definite instructions calling the attention of the jury to the law bearing upon that particular question. For this reason I think that instructions Nos. 13 and 15 should have been given. I am not certain that instruction No. 16 should have been given, because under this instruction the plaintiff might have been held negligent for failure to observe the condition of the sidewalk. (*Perkins* v. *Sunset T. & T. Co.*, 155 Cal. 712, 722, [103 Pac. 190].) In view of the plaintiff's testimony that he did observe that the sidewalk was wet and was being washed down by the defendant, the instruction was unnecessary and the matter was fully covered by instructions Nos. 13 and 15. I do not agree that instruction No. 16 should have been given. The defendant testified that he observed the slippery condition of the sidewalk about 3:30 P. M. Saturday. This was in ample time to have washed it off in the evening of Saturday or before 8 o'clock Sunday morning, and this opportunity to clean the sidewalk within the period authorized by the ordinance would render his efforts to do so by washing with water within the prohibited hours inexcusable, even if it be conceded that otherwise he would be justified after 8 A. M. Sunday in removing grease or dirt by the use of water. Moreover, the court will take judicial notice of the fact that other means of removing grease, not prohibited by ordinance, were much more effective for that purpose—gasoline, for instance.

Olney, J., concurred.

ANGELLOTTI, C. J., Concurring.—I concur in the judgment.

In view of the circumstances of this case defendant was entitled to have it very clearly made known to the jury that, notwithstanding his violation of the ordinance with the result that he was guilty of negligence, the plaintiff could not recover unless such negligence was the proximate cause of the injury. The situation was such that the jury might reasonably have concluded that the fall of plaintiff was not due to the wetting of the sidewalk by defendant. The trial court did in one place tell the jury in general language that plain-

tiff could not recover unless defendant's violation of the ordinance "directly contributed to the plaintiff's injury," but taking the charge as a whole, in my opinion it did not so clearly present the matter with relation to the facts of this case as to make it entirely plain that it was essential to plaintiff's case for him to establish by a preponderance of the evidence that his fall was caused by defendant's violation of the ordinance. Under the circumstances certain instructions requested by him on this subject should have been given, viz.: Defendant's requested instructions Nos. 9, 11, and 14.

I think, too, that certain requested instructions going to the question of contributory negligence should have been given, and concur in what is said by Mr. Justice Sloane on this point.

The case is, to my mind, a close one in the facts, and I cannot regard the matters to which I have referred as unsubstantial.

It does not seem to me that the evidence was such as to afford support for a conclusion that there was any sufficient justification or excuse for defendant's violation of this ordinance. Certainly, the fact that the sidewalk was very "dirty" would not be sufficient to do this, and the theory that it was suddenly discovered to be so "greasy" as to be dangerous to pedestrians unless cold water from a hose was at once applied appears to me to be so insufficiently supported by substantial evidence as not to be worthy of serious consideration. In so far as this phase of the case is concerned, I do not think there was any error on the part of the trial court. But on account of the other matters to which I have referred I concur in the judgment.

Lawlor, J., concurred.