[Civ. No. 4889.   First Appellate District, Division Two.—August 27, 1924.]

## ASSOCIATED FRUIT COMPANY (a Corporation), Respondent, v. JOHN MARONE, Appellant.

[1] NEW TRIAL—CONFLICTING EVIDENCE—PROVINCE OF TRIAL COURT.—Where there is a sharp conflict in the evidence on a given issue, the trial court, unlike the appellate court, is not bound by the rule of conflicting evidence, but it is its province and duty, on motion for a new trial, to weigh the evidence and if, in its opinion, the weight of the evidence is against the verdict of the jury, it is its duty to grant a new trial.

[2] ID. — GROUNDS — ERRONEOUS INSTRUCTIONS — APPEAL — PRESUMPTION.—Where a new trial is granted not only upon the ground of insufficiency of the evidence to justify the verdict, but also upon the grounds that the verdict is against law and error in law occurring at the trial and excepted to by plaintiff (appellant), the appellate court must assume, in support of the order of the trial court, that the errors, if any, appearing in the instructions to the jury also induced the granting of the motion for a new trial.

[3] ID.—NONDELIVERY OF GRAPES—ACTION FOR RETURN OF PURCHASE MONEY — EVIDENCE — INSTRUCTIONS — ABUSE OF DISCRETION. — In

———

1. Duty of court to set aside verdict contrary to evidence, notes, 2 Ann. Cas. 762; Ann. Cas. 1912D, 1226. See, also, 20 Cal. Jur. 113; 20 R. C. L. 245.
2. See 20 Cal. Jur. 216.
3. See 20 Cal. Jur. 27.

this action to recover the balance of certain money paid by plaintiff to defendant to apply *pro tanto* on the purchase price of a given number of carloads of grapes in "good shipping condition" which plaintiff had agreed to purchase from defendant, a part of which defendant sold and delivered to others after plaintiff rejected one carload because they were not in condition to be shipped, notwithstanding the verdict of the jury in favor of defendant upon the theory that under the contract defendant was entitled to keep the balance of said money as liquidated damages, the trial court did not abuse its discretion in granting a new trial—it being admitted that the rejected grapes were moldy and unmerchantable, and there being a sharp conflict in the evidence as to who was responsible for such condition, and certain of the instructions to the jury having totally ignored the legal principle that the grapes must have been in good shipping condition before plaintiff became liable to pay therefor, or some facts must have appeared from the evidence to the satisfaction of the jury which would place upon plaintiff the responsibility for the condition of the grapes.

---

(1) 29 **Cyc.**, p. 821.   (2) 4 **C. J.**, p. 785, sec. 2736.   (3) 29 **Cyc.**, p. 786; 35 **Cyc.**, p. 611.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. J. Trabucco, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry B. Lister for Appellant.

Geo. Cosgrave for Respondent.

LANGDON, P J.—This is an appeal by the defendant from an order granting a new trial after verdict in his favor. The new trial was granted upon the grounds of insufficiency of the evidence to justify the verdict; that the verdict is against law, and error in law occurring at the trial and excepted to by plaintiff.

The plaintiff and defendant had entered into a contract by which the plaintiff was to purchase from the defendant ten cars of grapes, in good shipping condition, f. o. b. cars. The plaintiff paid two thousand dollars to defendant, two hundred dollars of which was to be applied upon each car of grapes as it was delivered and the balance of the pur-

chase price was to be paid by letter of credit or check upon delivery of shipping documents.

Defendant was to ship the grapes from Madera, California, and the contract provided that they were to be shipped "as early and as fast as growing crops enable growers to deliver same." When the grapes were ripe, the defendant was unable to obtain refrigerator or any other type of railroad car to carry them. The representative of the plaintiff discussed the situation with him and it was determined to haul the grapes from Madera to Fresno by automobile truck with the hope that cars for shipment east could be obtained more readily in Fresno. Two carloads were transported thus to Fresno, accepted by plaintiff and paid for in accordance with the terms of the written contract. A third carload was picked by defendant, but the trucks were delayed one day in calling for the same and when the grapes reached Fresno they were not in condition to be shipped and were rejected by plaintiff, who called upon the defendant to dispose of them otherwise. The defendant refused to do this and after a delay of a few days the plaintiff undertook to handle the grapes on consignment for defendant. The testimony is to the effect that the persons to whom they were sent refused to accept them on account of their condition and that nothing was realized from this car of grapes. Its value, according to the contract, had it been in shipping condition, would have been a little over twelve hundred dollars. The plaintiff refused to pay anything for it, because of its unmarketable condition and the defendant insisted upon keeping the balance of the sixteen hundred dollars which had been deposited with him by the plaintiff to be applied upon the ten cars of grapes. Plaintiff sued for this balance as for money had and received for its use. Defendant answered, setting up the alleged sale to plaintiff of this third car of grapes and nonpayment for the same and also setting up that the contract between the parties provided that in the event of default by the buyer, the deposit paid to the seller should be retained by him as liquidated damages.

The verdict was for the defendant, thus permitting him to keep sixteen hundred dollars for a carload of grapes which were admitted to have been moldy and not in good condition, and which the evidence strongly indicates were

"leaking" so badly as to be unmerchantable, and which would have been worth only twelve hundred dollars under the contract if they had been in perfect condition. There is no default upon the part of the plaintiff shown by the evidence, unless for some reason it was responsible for the condition of the grapes offered by defendant. The contract called for grapes in "good shipping condition." Plaintiff was not in default by failure to accept and pay for grapes which were not in such condition. All the testimony is that the grapes were in exceedingly bad condition, except the testimony of defendant, and he merely says that he had seen grapes in worse condition which were shipped and he thought these were in shipping condition. He admitted that they were moldy. It is not asserted that defendant fulfilled his contract with reference to any of the other grapes to be delivered thereunder and that plaintiff refused to accept the same, but, on the contrary, defendant stated that he sold the balance of his grapes to other parties who called for the same with automobiles.

Defendant seeks to place the responsibility for the condition of the grapes upon the plaintiff, by his testimony that plaintiff's agent told him to pick a car of grapes a day and he would send for them; and that he sent for the first two cars and there was a delay of a day in sending for the last car, during which time the grapes became wet with the dew or rain, thus causing the damage. [1] There is a sharp conflict in the evidence about this understanding between the parties and in such a case the trial court, unlike the appellate court, is not bound by the rule of conflicting evidence, but it is its province and duty, on motion for a new trial, to weigh the evidence and if, in its opinion, the weight of the evidence is against the verdict, it is its duty to grant a new trial. (*Morgan* v. *Robinson Co.,* 157 Cal. 348 [107 Pac. 695]; *Buckley* v. *Marin County,* 25 Cal. App. 577 [144 Pac. 545]; *Mora* v. *Favilla,* 37 Cal. App. 164 [173 Pac. 770].)

[2] Respondent also seeks to support the order appealed from by pointing out alleged error in certain instructions. We must assume, in support of the order of the trial court, that the errors, if any, appearing in these instructions also induced the granting of the motion for a new trial.

[3]    One of these instructions stated: "If you find that the plaintiff failed to pay for a carload of grapes, the defendant had a right to retain the balance of the amount of the deposit paid as liquidated damages for the breach of contract, and if you so find, you must render judgment for the defendant." Another instruction read: "If you find that the defendant delivered to the plaintiff a car of grapes for which the plaintiff did not pay, I charge you that the purchase price of said carload of grapes should be deducted by you from any sum that you may find owing by the defendant to the plaintiff, if you find that any sum is owing by the defendant to the plaintiff." The instruction which followed these two also ignored the legal principle omitted from the instructions above quoted, to the effect that the grapes delivered by defendant must have been such grapes as were called for by the contract, i. e., in good shipping condition, before the plaintiff became liable to pay therefor; or some facts must have appeared from the evidence to the satisfaction of the jury which would place upon the plaintiff the responsibility for the condition of the grapes.

Objection is also made by respondent to certain other instructions, but we think the foregoing discussion sufficient to make apparent that there was no abuse of discretion by the trial court in granting the motion for a new trial.

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.