[Civ. No. 7945.   Third Dist., Aug. 14, 1951.]

WARREN O. PARMALEE, Respondent, v. ALBERT R. BARTOLOMEI, Appellant.

Mannon & Brazier for Appellant.

Preston & Falk and Tom Cleland for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal by defendant from a judgment in favor of plaintiff in an action for damages resulting from the collision of two trucks, and from the order denying defendant's motion for a new trial.

Plaintiff in his complaint alleged that the collision was caused by defendant's negligence in operating his truck and that plaintiff had been damaged in the sum of $1,814.84 for damages done to his truck, and the further sum of $1,300 for loss of use of the truck. Defendant's answer denied any negligence on his part and also set up the defense of contributory negligence on the part of plaintiff.

Following a trial by the court without a jury the court found that defendant so negligently operated his truck that it collided with plaintiff's truck; that plaintiff was damaged in the sum of $3,376. Upon motion for a new trial the court, in denying the motion, modified the findings and judgment by reducing the amount awarded for damages to the truck from $2,076 to $1,814.84 (the amount alleged in the complaint), so the amount of the judgment, as finally entered and as appealed from, is the sum of $3,114.84.

Appellant first contends that respondent was guilty of contributory negligence as a matter of law, and asserts that the road in question was 13 feet in width at the point of impact; that respondent was driving downhill and appellant

driving uphill, and that under section 527 of the Vehicle Code respondent was required to yield the right of way to appellant, which appellant claims he did not do. ▮ Even if it be assumed that the statute in question was violated by respondent, yet, as stated by our Supreme Court in the very recent case of *Tossman* v. *Newman*, 37 Cal.2d 522, at page 525 [233 P.2d 1] :

"It is settled that disobedience of a statute for which criminal sanctions are imposed is not negligence as a matter of law under all circumstances, but a presumption of negligence arises on proof of such a violation and the presumption can be rebutted by evidence of justification or excuse."

And in *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, the court said at page 588 [177 P.2d 279] :

"And if the evidence establishes that the plaintiff's or defendant's violation of the statute or ordinance proximately caused the injury and no excuse or justification for violation is shown by the evidence, responsibility may be fixed upon the violator without other proof of failure to exercise due care. [Citing cases.]

"However, in an emergency, or under unusual conditions, it is generally held that circumstances may be shown to excuse the violation. The rule has been aptly stated in *Jolley* v. *Clemens*, 28 Cal.App.2d 55, 67 [82 P.2d 51], where it was said (quoting from 1 Shearman & Redfield on Negligence, § 13) : '. . . violation of such a statute or ordinance is presumptive evidence of negligence, which, if not excused by other evidence, including all the surrounding circumstances, should be deemed conclusive . . .' Continuing, the court said : 'But unless and until justification or excuse for such conduct appear . . . the general rule applies and it must be treated as negligence *per se*.' To the same effect is *Gallichotte* v. *California Mut. etc. Assn.*, 4 Cal.App.2d 503, 505 [41 P.2d 349], where it is stated: 'Violation of an ordinance is negligence *per se*. In *Alechoff* v. *Los Angeles Gas & Electric Corp.*, 84 Cal.App. 33, 39 [257 P. 569], it is said: "It is an axiomatic truth, that every person while violating an express statute, is a wrongdoer, and as such is *ex necessitate* negligent in the eye of the law." An act which is performed in violation of an ordinance or statute is presumptively an act of negligence, but the presumption is not conclusive and may be rebutted by showing that the act was justifiable or excusable under the circumstances. Until so rebutted it is conclusive.

(*Mora* v. *Favilla,* 186 Cal. 199, 202 [199 P. 17]; *Rath* v. *Bankston,* 101 Cal.App. 274, 281 [281 P. 1081].)' However, the fact which will excuse the violation of a statute has been defined by the court as one resulting 'from causes or things beyond the control of the person charged with the violtaion.' [Citing cases.]''

■ The record fully supports the factual situation set forth in the opinion of the trial court as follows:

"On the 7th day of June, 1949, the parties hereto were engaged in hauling logs over the old Sherwood Road, leading from Sherwood Valley to California State Highway 101. At the particular time in question plaintiff was coming down the hill with his truck loaded with logs and defendant was going up the hill after a load of logs. A collision between the two trucks ensued, resulting in considerable damage to plaintiff's truck.

"The road was not a paved road nor was it a wide road. The evidence presented shows that it had a rather hard surface with small loose rocks on top of it. When plaintiff saw defendant the former brought his truck to a stop or practically so within 40 feet. Plaintiff says he saw defendant 200 yards away. The testimony of the defendant is that the view of the plaintiff must have been obstructed by a bank so that he could not see that far, in fact not nearly that far. Be that as it may, these men had both been engaged in hauling logs over that road for some time and on that particular day in question each knew that other trucks were on the road and each should have been keeping a sharp lookout for trucks approaching from the other direction if they were to use ordinary care. It seems to me that the plaintiff was using due and proper care, and I can see no negligence on his part.

"I find myself unable to be impressed by the thought that plaintiff was coming down that hill loaded with ten ton of logs or more at 25 miles an hour. Such would have been suicide in my opinion, and the fact that he brought his truck practically to a stop as quickly as he did indicates no excessive speed. He was keeping a sharp lookout. He saw the defendant as soon as the latter came into view. He also observed that the defendant was not looking where he was going but was looking off down across the highway at a house trailer parked along the side thereof. He put on all the brakes he had and tried his best to stop. Defendant, on the other hand, was looking across at the trailer when he should have been looking

at the road, in which latter event he would have seen plaintiff quicker than he did and would have had a better opportunity to bring his truck to a stop before he did.

"The foregoing statement is substantiated by practically uncontradicted evidence in the case. Added to this is the testimony of the plaintiff that after the collision the defendant said he was looking over at the house trailer, and if he hadn't been, he would have seen plaintiff and could have stopped in order to avoid the collision.

Two passers-by, who were at the scene of the collision immediately after it happened and heard the conversation between these parties have fully corroborated the plaintiff's testimony in that regard. The defendant has not denied it.

Therefore, the Court must assume that such testimony is correct. The Court is consequently forced to the conclusion that the defendant was not at the time using ordinary care in the operation of his truck and that the lack of ordinary care was the proximate cause of the damages sustained by plaintiff's truck, and plaintiff is therefore entitled to recover against the defendant."

We believe that the finding of the trial court that the collision was proximately caused by the negligence of appellant and that respondent was not careless or negligent finds substantial support in the record. These were matters for the trial court to determine from all of the evidence. For, as stated in *Anthony* v. *Hobbie,* 25 Cal.2d 814 [155 P.2d 826], at page 818:

"But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion."

Appellant next contends that there is no evidence to support the court's finding as to tha reasonable value of the loss of use of the truck. This contention is without merit. The following summary of the evidence on this issue set forth

in the opinion of the trial court finds ample support in the record:

"The truck was not repaired by plaintiff, but had it been it would have taken 30 days to get it fixed. He traded it in on a new truck and was unable to get his new truck on the road until about July 10. Plaintiff's testimony that it would have taken 30 days to get it fixed is not too clear, but again giving the defendant the benefit of the doubt I assume that what plaintiff meant was that if he had had it fixed he could have had it out again by July 7. Between June 7 and July 7 there were four Sundays on which days plaintiff did not haul logs, and consequently those four days should be deducted from the 30 days, which leaves 26 days. Neither did plaintiff establish too clearly the rental value of the truck nor what his net earnings with it could be. The gross was estimated all the way from $80.00 to $110.00 per day, but quite a few expenses had to come out of that and the Court is not informed as to just what all of those expenses were. Very conservatively, however, the Court is justified in concluding that the net value of the use of that truck was $50.00 per day, and 26 days at $50.00 per day is $1,300.00."

As stated in *Valencia* v. *Shell Oil Co.*, 23 Cal.2d 840, at page 844 [147 P.2d 588]: "An owner's recovery for being deprived of the use of the damaged vehicle is generally to be determined with reference to the period of time reasonably required for the making of repairs."

The evidence was sufficient to show that the rental value of the truck was in excess of the $50 per day allowed by the court. If there were some items of cost of operation that were not clearly brought out in the evidence no prejudice resulted to appellant therefrom. Appellant could have easily brought out these items if he had deemed it important.

Furthermore, as stated in *Johnson* v. *Snyder*, 99 Cal. App.2d 86 at page 90 [221 P.2d 164]: "[F]or services of a commonplace or nontechnical character, the trial judge can call on his own general knowledge of their value. (*Estate of Reinhertz*, 82 Cal.App.2d 156, 160 [185 P.2d 858, 186 P.2d 755] and cases cited.)" No other points raised required discussion.

In view of the foregoing the judgment is affirmed. The appeal from the order denying the motion for a new trial is dismissed.

Adams, P. J., and Peek, J., concurred.