[Civ. No. 2281.   Second Appellate District.—May 16, 1918.]

CHARLES F. REUTER, Respondent, v. SAN PEDRO, LOS ANGELES & SALT LAKE RAILROAD COMPANY (a Corporation), Appellant.

NEGLIGENCE—ACTION FOR LOSS OF PROPERTY—FIRE FROM LOCOMOTIVE—EVIDENCE—BURDEN OF PROOF.—In an action against a railroad company for damages for loss of property from fire set by one of its locomotives, the gist of the action is negligence, and the burden of proof is upon the plaintiff.

RAILROAD CORPORATIONS—LIABILITY FOR FIRES.—A railroad company is not an insurer at all events against the consequences of fire set by its locomotives, but it is only liable for fires negligently caused by it, and the facts upon which the liability rests cannot be established by mere conjecture but must be proved by satisfactory evidence.

ID.—APPEAL—SCOPE OF REVIEW.—In an action against a railroad company for damages for loss of property by fire negligently set by one of its engines, the appellate court cannot, on appeal from the judgment, take the place of the trial court for the purpose of determining whether the findings are supported by a preponderance of the evidence, but will consider the evidence solely for the purpose of determining whether or not the essential findings of fact are supported by satisfactory evidence tending substantially to establish the facts as found.

ID.—NEGLIGENCE OF DEFENDANT—FINDINGS SUPPORTED BY EVIDENCE.—In this action against a railroad company for damages for loss of property from fire negligently set, it is *held* that there was satisfactory evidence to support the findings that the fire which destroyed the property had its origin in fire which escaped with

the smoke from the engine of the defendant, and that the fire and the consequent damage was occasioned by careless and negligent management of the engine.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge.

The facts are stated in the opinion of the court.

James E. Kelby, and A. S. Halsted, for Appellant.

McNabb, Hartzell & Hodge, for Respondent.

CONREY, P. J.—Action to recover damages on account of loss of property, caused by fire negligently set out, through negligence of the defendant. On the nineteenth day of November, 1914, the plaintiff was the lessee and in possession of certain real property located in San Bernardino County and was the owner of certain personal property located thereon of the value of $693.50. On that day and for some years prior thereto the defendant corporation was operating a railroad over the right of way and tracks of the Atchison, Topeka & Santa Fe Railway Company, which right of way passes within a distance of two and one-half miles northerly from the premises on which said personal property of the plaintiff was located. On that day the defendant company was operating a train running easterly between the city of San Bernardino and the town of Daggett. While running through the territory north of the plaintiff's premises, the train passed through the station Devore, northwesterly through the station called Keenbrook, and thence northwesterly to the station of Alray. It is four and seven tenths miles from Devore to Keenbrook and about twelve miles from Devore to Alray. There is an upgrade of about two per cent from Devore to Alray. ·

In addition to the facts above stated, the findings of the court show the following facts, all of which are alleged in the complaint and denied in the answer: Finding V states that on the nineteenth day of November, 1914, while the defendant was engaged in running one of its trains on said right of way north of the premises of the plaintiff, at a time when a high wind was blowing in a southerly direction, the defendant so negligently and carelessly managed its train and failed to

employ suitable appliances to prevent the escape of soot, sparks of fire, and fire from the engines hauling the train; that fire from one of the engines drawing the train was suffered to escape and did escape from the engine; that the defendant negligently and carelessly allowed burning soot, sparks, and fire to be thrown and dropped from the engine and the same was carried by the wind and caused to fall upon dry grass and brush situate on the property adjacent and contiguous to the right of way over which the train was being operated; that this property to which said fire was communicated was adjacent to and in a northerly direction from the premises and property of the plaintiff. Finding VI states that the fire so set by reason of the defective engine and the carelessness and negligence of the defendant in operating said engine was by reason of such negligence and carelessness allowed to spread, and did spread, and was driven in a southwesterly direction from the point where it was first allowed to escape by the defendant, and spread and burned over and upon the premises in possession of the plaintiff, in consequence whereof all of said personal property of the plaintiff was burned and destroyed, to plaintiff's damage in the sum of $693.50.

The defendant appeals from the judgment. Briefly stated, the substance of its contentions is that there is no evidence which tends in any way to connect the defendant with the fire; and that there is no evidence tending to show negligence on the part of the defendant or its employees with respect to the construction or condition of its engines or with respect to their operation thereof.

Counsel for appellant have directed our attention to certain rules, concerning which at the outset we will say that they are pertinent to this case. The gist of the action is negligence and the burden of proving negligence as alleged was upon the plaintiff. A railroad company is not an insurer at all events against the consequences of fire set out by its locomotives; it is only liable for fires negligently caused by it. The facts upon which the liability of the defendant rests must be proved by satisfactory evidence; they cannot be established by mere conjecture.

Assuming that the foregoing propositions correctly state the law, we have carefully examined the evidence contained in the record before us. The witness Bortz was a section foreman

for the Santa Fe Railway Company, who on the nineteenth day of November, 1914, at the noon hour, was on the west side of the east-bound track and about 150 feet off the right of way. What is called the east-bound track was at that point the southerly track of the railroad, and on that track what is called an east-bound train would at that point be moving in a northwesterly direction. Bortz testified that at twelve minutes past 12 o'clock the Salt Lake train passed him. Immediately thereafter he started down the track and within a minute after that time he discovered fire off the right of way and distant from him about a quarter of a mile. A strong north wind was blowing at the time. Bortz then went down to Devore station to report to the dispatcher to send men to put out the fire. Devore station is a mile and a quarter from the point where Bortz was located when he saw the fire. On his way to Devore he saw a man walking across the bridge toward Devore. Bortz was traveling in a gasoline handcar or motor car.

The witness Clock testified that at noon of that same day he was walking up the track from Devore station, and was passed by the Salt Lake train at the point where the county road crosses the Santa Fe right of way. The train had two engines and there was a great deal of heavy, black smoke coming from the first engine. There was an extremely high north wind which was carrying the smoke away in a southerly direction. Between five and ten minutes after the train passed the witness discovered a fire burning. He did not see any evidence of the fire before the train passed. This witness made two different statements with respect to the distance from the railroad of the fire that he saw, the greater distance being about 150 feet from the right of way.

It is admitted that all of the Salt Lake engines and all of the Santa Fe engines using that right of way at that time were oil-burning engines. The witness Rinder testified that in the evening on a day in October, 1914, he saw a fire started by a Salt Lake engine in front of his house, which was a mile and a half above Devore. He saw soot like long pieces of rags coming from the smokestack and coming inside his fence, where it set a fire. He saw smoke from the engine and sparks and flakes of soot flying, and saw the fire right after the train passed. The place where the fire was set out was from 125 to 175 feet from the railroad track.

The witness Eubanks was a locomotive engineer and familiar with the workings of oil-burning engines. He testified that when an oil-burning engine is in good working order and properly managed by the engineer and fireman, it would not throw any black smoke, but the smoke coming from the engine would be clear. He testified that he had seen an engine throw burning carbon from its smokestack and on one occasion saw that carbon ignite other materials. He was familiar with the process of sanding out flues of locomotives for the purpose of removing carbon and what gathers in the flues. During the progress of sanding out flues the engine gives out smoke.

The witness Todd had many years' experience in running locomotive engines and ran an oil-burning engine for about two years. He testified that if an oil-burning engine was in proper working condition and properly managed and handled by the engineer, it would not throw any black smoke, but that the color would be light or steam color; that an engine will choke up if it is not working properly or is not in a clean condition; that the material that accumulates in the flues is carbon, the same as any accumulation from fuel; commonly speaking, it is soot. The witness testified that he had seen what he called carbon or scot exhausted from the smokestack of an engine afire and carry fire to the ground, on some occasions. Such occasions would happen when the engine was sanded out and the carbon would cut loose. The effect of that operation was to make the color of the smoke black.

Several other witnesses testified concerning their observations of trains of the defendant and of the Santa Fe Railway Company in and near the city of San Bernardino. According to these witnesses, they have seen smoke, soot, and fire thrown from oil-burning engines and have seen fires started by them.

It is also shown in evidence that on the nineteenth day of November, 1914, trains of the Santa Fe Railway Company passed Devore at twenty-eight minutes past 11 A. M. and at 14 minutes past 11 A. M.; and in particular, that a Santa Fe west-bound passenger train passed through Devore at two minutes before 12 on that day. Counsel for defendant place a great deal of emphasis upon this last-named train, because it must have passed the place where the fire occurred, and must have passed that point about a quarter of an hour before the defendant's train passed that place. Much evidence was in-

troduced tending to show that when west-bound trains are coming down the grade the process of braking makes the brakeshoes red hot, so that shavings come off on account of the excessive heat, which are likely to set fire to waste along the track, and that such pieces of burning waste might have been carried by the wind to such distance that they might have set the fire complained of by the plaintiff. The defendant also introduced evidence tending to show that its engine was in perfect condition and that it was properly operated. H. H. Harris was the fireman on engine 3703, which was the helper engine, from which, according to the testimony of plaintiff's witnesses, the black smoke came. Harris testified that he sanded the engine out after leaving Devore, but according to his testimony, he completed the sanding out at a point which, according to the scale of the map introduced in evidence, would be about one-third of a mile before the train came to the point opposite the place where the fire was afterward discovered. Harris testified that when he sanded the engine it threw out black smoke, but not in great quantities. All of the witnesses to the point agree that the right of way was clear of grass and brush.

According to the testimony of expert witnesses produced by the defendant, and if their testimony had been accepted as the truth and the whole truth, by the court which tried the case, the fire which destroyed the plaintiff's property could not have been caused by the engines of the defendant or by anything which came from them. For, as stated by counsel for appellant, their testimony is to the effect, among other things, that it is physically impossible for sand or any other substance coming from the stack of an oil-burning locomotive to ignite anything; that it is physically impossible for a piece of waste or wood cast into the furnace to pass out of the fire-box unconsumed; that smoke emitted from a smokestack while an engine is climbing a heavy grade, moving at from twenty-four to twenty-eight miles an hour, is not symptomatic of defect in the engine or its management, since the emission of such smoke is a condition of the mechanical operation of an oil-burning engine while pulling a train; that it is contrary to the laws of nature for any fire that comes through the smokestack of an oil-burning engine to set fire along the right of way, the fuel consumed being one hundred per cent; that the oil-burning engines of defendant are equipped the same

as are oil-burning locomotives wherever used; that it is contrary to natural law for a stream or sheet of fire to leave the smokestack and carry itself 150 to 175 feet.

It must be kept in mind that in considering the merits of this appeal we cannot take the place of the trial court for the purpose of determining whether the findings of the court are supported by a preponderance of the evidence. We consider the evidence solely for the purpose of determining whether or not the essential findings of fact are supported by satisfactory evidence tending substantially to establish the facts as found. "That evidence is deemed satisfactory which ordinarily produces moral certainty or conviction in an unprejudiced mind. Such evidence alone will justify a verdict. Evidence less than this is denominated slight evidence." (Code Civ. Proc., sec. 1835.) Notwithstanding the contention urged upon us, that the findings attacked by the appellant cannot be sustained except by the indulgence of mere conjecture, we have reached the contrary conclusion. It is true that counsel in their discussion of the evidence have raised a number of conjectures which, if approved as of equal weight with the evidence favorable to the plaintiff, might strongly uphold their argument. We have also kept in mind the fact that the witnesses who saw the engine and its smoke, on the occasion in question, under a noonday sun, did not testify that they saw any sparks, or flame, or burning soot. Nevertheless, our reading of the testimony leads us to the conclusion that there was satisfactory evidence from which the trial court had the right to become convinced and to find that the fire which destroyed the plaintiff's property was communicated thereto by fire which originated in the grass or brush adjacent to the right of way of the defendant; that these fires had their origin in fire which escaped with the smoke from the engine of the defendant; that the escape of the fire, and the consequent damage to the plaintiff, was occasioned by careless and negligent management of its engine by the defendant. From these facts, taken in connection with the other facts about which there is no controversy, to which we have referred, it follows that the plaintiff was entitled to recover.

The judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.