[Civ. No. 3317. First Appellate District, Division One.—April 14, 1920.]

## A. L. DIBBLE, Respondent, v. SAN JOAQUIN LIGHT & POWER CORPORATION (a Corporation), et al., Appellants.

[1] NEGLIGENCE—DESTRUCTION OF GRAIN BY FIRE—EVIDENCE—PRIMA FACIE CASE—REBUTTAL.—In this action for damages for the destruction by fire of certain grain belonging to plaintiff, the evidence introduced by plaintiff made out such a *prima facie* case as called upon the defendants to rebut the necessary inferences arising from the testimony, and the motion of the defendants for a nonsuit was properly denied.

[2] ID.—CONNECTION OF WORKMEN WITH DEFENDANTS' BUSINESS—PRIMA FACIE SHOWING OF PRINCIPAL AND AGENT.—The plaintiff, in such action, having shown that the men who were responsible for the starting of the fire appeared at the time to be engaged in some kind of work connected with the business of the defendants, made a *prima facie* showing of the existence of the relationship of principal and agent between the corporation defendants and the workmen, which, in the absence of evidence to the contrary, was ample to support the findings of the trial court that such relation existed at the time of the fire.

[3] ID.—ORIGIN OF FIRE—INFERENCE FROM EVIDENCE.—While there was no direct evidence in this case as to the origin of the fire, the trial court had the right to make any logical, reasonable deduction, which the admitted facts and the undisputed testimony permitted, and it was a fair inference that the flames which destroyed plaintiff's property were communicated thereto by the fire which originated on the right of way of defendants, and which had its origin in one or the other of the instrumentalities used by defendants' employees in their work.

[4] ID.—FAILURE TO EXTINGUISH FIRE.—The employees of the defendants were guilty of gross carelessness in not properly controlling and extinguishing the fire when their attention was directed to the probabilities of its spreading, it having at the time been burning in tall, dry grass which extended to plaintiff's field.

[5] ID.—INFERENCES DRAWN BY TRIAL COURT—REVIEW ON APPEAL.— It is not within the power of the appellate court to disregard, or set aside, the findings of the trial court where, as against the deductions drawn by the trial court, which seem eminently reason-

2. Master's liability to third person for damage by fire started by servant, notes, Ann. Cas. 1914A, 1102; Ann. Cas. 1917B, 1054.

able, no other inferences founded on facts proved in the case find support.

[6] ID.—SUBROGATION—ASSIGNMENT—PARTIES—PLEADING.—The insurance company, after payment of the loss caused by the negligence of a third person, being subrogated to the rights of the insured to the extent of its payment, may assign that right to the insured; and in a subsequent action by the insured against such third person, it is not necessary that the insurance company be joined in the action, either as plaintiff or defendant, or 'that the assignment by the insurance company to plaintiff be pleaded.

APPEAL from a judgment of the Superior Court of Fresno County. Geo. E. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Short & Sutherland and Carl E. Lindsay for Appellants.

Goodfellow, Eells, Moore & Orrick and George K. Ford for Respondent.

WASTE, P. J.—This is an appeal by the defendants from a judgment awarding plaintiff damages for the destruction by fire of certain grain belonging to him, caused through the negligence of the defendants. The case was tried before the court without a jury. It was stipulated that if judgment went against one of the defendants, it might be entered against both of them. At the conclusion of plaintiff's case, the defendants moved for a nonsuit. The motion was denied, whereupon the defendants declined to offer any evidence. The findings of the trial court followed the allegations of the complaint. In seeking a reversal of the judgment the appellants urged two grounds—first, the insufficiency of the evidence to justify the findings and the judgment based thereon, and, second, that the plaintiff is not the real party in interest in this action, at least to the amount of $3,025.60.

It is admitted that the plaintiff was the lessee of certain lands upon which he had grown a crop of wheat and barley. The defendants owned and maintained a right of way, adjacent to the land of plaintiff, over which it operated a power line. From the testimony of Mr. McCabe, who was called as a witness on behalf of the plaintiff, it appears that on the afternoon of June 8, 1915, he was passing along the

county road, which was located a few feet westerly from the power line. Two men, Schultz and Moore, were at that time in view. One of them was in the act of descending from one of the poles, supporting the power line, while the other was on the ground near the foot of the pole. A team and wagon, which McCabe identified as belonging to the defendant power corporation, was standing near by. A small fire, three or four feet across, was then burning in the tall, thick, dry grass which extended to plaintiff's field, a distance of about two hundred feet, and in which plaintiff's grain was standing and ready for the harvest. The wind was at that time blowing from the fire in the direction of plaintiff's field. About twenty feet from the place where the fire was burning, and so situated that the wind would carry sparks from it toward the fire, McCabe observed a fire-pot, with what seemed to be coals of fire in it. What appeared to be a torch, such as is used by plumbers, was lying just where the blaze was started. The fire at this time could have been readily extinguished. When McCabe approached, the two men were standing near it with sacks or cloths in their hands. McCabe said, "Boys, if you ain't careful, you will have a big fire here on your hands," to which one of the men replied, "Never mind, partner, we will attend to the fire." Neither of the men, however, made any attempt to extinguish, or stay, the spread of the flames, which, owing to an increasing wind, almost immediately spread rapidly until they reached and consumed plaintiff's grain.

[1] It is the contention of the appellants that this evidence was wholly insufficient to prove that the fire in question was started by the negligence of the defendants, or that it was permitted to spread and reach the grain upon plaintiff's land, because of any carelessness whatever on the part of defendants, or either of them. We are of the opinion, however, that the plaintiff made out such a *prima facie* case as called upon the defendants to rebut the necessary inferences arising from the testimony, and that the motion for a nonsuit was properly denied.

[2] Appellants first argue that as there was no direct testimony that either Schultz or Moore were employed by the defendants, and no evidence as to the kind of work they were doing at the time of the fire, they may have been

strangers to the defendants and not in any way connected with them. This contention cannot be upheld. The men appeared to be engaged in some kind of work connected with the business of the defendants. They were working on the right of way of defendant's power line. One of them was descending from one of the power line poles. The other was close at hand. No other men were in sight. The implements for their work were scattered about. The fire-pot, the torch, and the wagon and team, were all indicia of their employment. The facts were sufficient, in our judgment, to make a *prima facie* showing of the existence of the relationship of principal and agent between the corporation defendants and the workmen, which, in the absence of evidence to the contrary, was ample to support the findings of the trial court that such relation existed at the time of the fire. (1 Labatt on Master and Servant, sec. 22, pp. 69, 73.) The fact that one is performing work and labor for another is *prima facie* evidence of an employment and supports a presumption that such person is the servant and employee of the other, in the absence of evidence to the contrary. (*King* v. *Hercules Powder Co.*, 39 Cal. App. 223, [178 Pac. 531]; *Indiana etc. Ry.* v. *Adamson*, 114 Ind. 282, [15 N. E. 5]; *Waaler* v. *Great Northern Ry. Co.*, 22 S. D. 256, [18 L. R. A. (N. S.) 297, 117 N. W. 140]; *Robinson* v. *Doe*, 224 Mass. 319, [112 N. E. 1007]; *Bush* v. *Southern Ry.*, 63 S. C. 96, [40 S. E. 1029]; *Howell* v. *Mandelbaum & Sons*, 160 Iowa, 119, [Ann. Cas. 1915D, 349, 140 N. W. 397].)

[3] Appellants also claim that there is no evidence to show that the employees in question either started the fire or failed to extinguish it, or that they negligently permitted it to spread. While it is true there is no direct evidence as to the origin of the fire, the trial court had the right to make any logical, reasonable deduction, which the admitted facts and the undisputed testimony of the witness McCabe permitted. (*Davis* v. *Hearst*, 160 Cal. 143, 176, [116 Pac. 530].) It is a fair inference that the flames which destroyed plaintiff's property were communicated thereto by the fire, which originated on the right of way of defendants, and which had its origin in one or other of the instrumentalities used by defendants' employees in their work. (*Reuter* v. *San Pedro etc. Co.*, 37 Cal. App. 277, 283, [174 Pac.

927] ; *St. Paul Fire etc. Co.* v. *Southern Pacific Co.,* 30 Cal. App. 140, 142, [157 Pac. 247] ; *Fay* v. *Cox,* 45 Cal. App. 696, [188 Pac. 623] ; *Toledo etc. Co.* v. *Fenstermaker,* 163 Ind. 534, [72 N. E. 561, 562] ; *Roundtree* v. *Mt. Hood etc. Co.,* 86 Or. 147, [168 Pac. 61].) **[4]** It is equally clear to us that the employees of defendants were guilty of gross carelessness in not properly controlling and extinguishing the fire when their attention was directed by McCabe to the probability of its spreading. It was burning in tall, dry grass near the adjacent fields of stubble and grain, and it should not have required any warning to apprise them of this imminent danger.

**[5]** The deductions drawn by the trial court are not illogical, or inherently unsound, either as to the employment of Schultz and Moore or as to the origin and source of the fire. Whether or not the workmen were the servants of the power company was so peculiarly within the knowledge of the defendants that the plaintiff was not required to make as strong showing in that regard as might have been otherwise required. As against the deductions drawn by the trial court, which seem eminently reasonable, no other inferences founded on facts proved in the case find support. It is not within the power of this court to disregard or set aside the findings thus supported. (*Ryder* v. *Bamberger,* 172 Cal. 791, 799, [158 Pac. 753] ; *County of Alameda* v. *Tieslau,* 44 Cal. App. 332, [186 Pac. 398].)

On cross-examination of the plaintiff it was developed that the grain was insured against fire in the Hartford Fire Insurance Company, which paid plaintiff $3,025.60, the amount due under its policy. On redirect examination plaintiff established that, before the commencement of the action, the insurance company assigned to the plaintiff all rights and causes of action against the defendants arising out of loss or damage occasioned by the fire. A written assignment was admitted in evidence over the contention of the defendants, the objection being that the cause of action was not assignable and that the assignment had not been pleaded. The defendants then made application to the court to amend their answer by setting up a further defense, which, in substance, was that the action had not been brought, and was not being prosecuted, in the name of or by, the

real party in interest. The court denied the application to amend.

Appellants complain of the act of the court in admitting the assignment in evidence and its further action in refusing permission to file the amendment to the answer. [6] Their contention, first, is that the insurance company, upon the payment of the loss of the plaintiff, was subrogated to plaintiff's rights, and became the real party in interest to the extent of its payment, and that the cause of action which the insurer had, because of its subrogation to the rights of plaintiff, was not assignable. Appellants seek to invoke the rule of law relating to actions for death or personal injuries, and for damage to property under statutes different from ours. Section 954 of the Civil Code has affected a change in the common-law rule of the nonassignability of choses in action. One arising out of either the violation of a right of property or one arising out of an obligation or contract may now be transferred. (*Stapp* v. *Madera Canal & Irr. Co.*, 34 Cal. App. 41, 46, [166 Pac. 823].)

The next point urged by appellants is that the insurance company should have been joined in the action, either as plaintiff or defendant. We find no merit in this contention.

It was not necessary even that the assignment by the insurance company to the plaintiff should have been pleaded. The insurer merely had a cause of action arising by way of subrogation or equitable assignment. (*Caledonia Ins. Co.* v. *Northern Pacific Ry. Co.*, 32 Mont. 46, 49, [79 Pac. 544].) This assignment by operation of law, and the reassignment by the company to plaintiff, left the claim as it was originally and involved probative matters that had no place in the pleading. (*Zany* v. *Rawhide Gold Min. Co.*, 15 Cal. App. 373, 377, [114 Pac. 1026].) The action was, therefore, properly commenced by the plaintiff alone.

The judgment is affirmed.

Richards, J., and Knight, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 10, 1920.

All the Justices concurred.