[Civ. No. 3993.    First Appellate District, Division One.—December 23, 1921.]

## G. C. FABRY, Respondent, v. SAN JOAQUIN LIGHT AND POWER CORPORATION et al., Appellants.

[Civ. No. 3994.    First Appellate District, Division One.—December 23, 1921.]

## B. D. VANDERBURGH et al., Respondents, v. SAN JOAQUIN LIGHT AND POWER CORPORATION et al., Appellants.

[1] NEGLIGENCE—DESTRUCTION OF GRAIN CROP—SUFFICIENCY OF EVIDENCE.—In this action for damages for the destruction by fire of certain grain, the evidence was sufficient to sustain the findings that defendant's employees, who before and at the time of the breaking out of the fire were engaged in repairing defendant's power line, were negligent in failing to extinguish or stay the spread of a small grass fire which had originated near the place where they were working.

[2] ID.—ORIGIN OF FIRE—EVIDENCE—REMARK OF DEFENDANT'S EMPLOYEE TO THIRD PARTY.—In such action, the testimony of a witness, who observed such employees standing near the fire with sacks in their hands but doing nothing to extinguish it or to prevent it from spreading, that, in reply to a remark concerning the fire, one of them said, "Never mind, partner, we will attend to the fire," was competent and relevant to establish responsibility for its origin.

APPEAL from a judgment of the Superior Court of Fresno County.    D. A. Cashin, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Carl E. Lindsay and Short, Lindsay & Woolley for Appellants.

Geo. K. Ford, Chas. Watkinson and Goodfellow, Eells, Moore & Orrick for Respondents.

KERRIGAN, J.—These two actions were consolidated for trial in the court below, and have been likewise consoli-

---

1.    Master's liability to third person for damage by fire started by servant, notes, Ann. Cas. 1914A, 1102; Ann. Cas. 1917B, 1054.

dated on appeal. They are companion cases to *Dibble* v. *San Joaquin Light & Power Corp.*, 47 Cal. App. 112 [190 Pac. 198]. That case, like these, was for damages for the destruction by fire of certain grain belonging to the plaintiff, and in each of them the plaintiff prevailed. From the judgment in the present case the defendant has appealed.

Plaintiffs and their assignors were the lessees of certain lands near Huron, in Fresno County, upon which they had grown crops of wheat and barley. On the afternoon of June 8, 1915, and while the crops were still on said premises, they were destroyed by fire, whereby respondent Fabry and his assignors sustained damage in the sum of $41,467.50, and respondent Vanderburgh sustained damage in the sum of $6,032.54. The defendants owned and operated a power line near the property in question, and before and at the time of the breaking out of the fire were engaged in repairing it, the work being done by two employees, named Schultz and Moore. When these men were first observed by Mr. McCabe, a witness on behalf of the plaintiffs, one of them was in the act of descending from a pole supporting the power line, which was located about fifty feet easterly from the center, and two hundred feet south, of the county road which bounded on the west the Dibble land, which adjoined the lands here involved. The other man was then on the ground near the foot of the pole, where a small grass fire was burning. Around the fire was tall, thick, dry grass which extended to the Dibble land. The grain in question, except a small portion which had already been harvested, was standing and ready for harvesting. Numerous other fields of standing grain were in the immediate vicinity. The danger from fire was further increased by the fact that a wind was blowing in the direction of the Dibble land from the fire. About twenty feet from the place where the fire was burning Mr. McCabe observed a fire-pot with fire in it, the fire-pot being so situated that the wind would carry sparks from it toward the place of the fire. There was also a torch, such as is used by plumbers, lying just where the fire was burning. A team and wagon of the defendant San Joaquin Light and Power Corporation was standing in the immediate vicinity of the pole. The name or initials of said company were painted on the side of the wagon and its initials were also on the harness of the team. When Mr. McCabe

first saw the men referred to—which was early in the afternoon—he was approaching the pole from the vicinity of Huron, driving a team and buggy along the county road. By the time he had gotten close to the men the one who was descending from the pole, as above stated, had reached the ground. The fire at this time was quite small, having burned a space in the grass of not more than three or four feet in diameter. It could then have been readily extinguished by the men, who were standing near the fire with sacks in their hands. When McCabe approached he made a remark to these employees concerning the then burning fire, to which one of them replied, "Never mind, partner, we will attend to the fire." Neither of the men made any attempt to extinguish or stay the spread of the fire. Shortly afterward the wind increased slightly, and the fire spread rapidly until it reached and consumed the grain involved in these actions. The grain was insured against fire in various insurance companies, which paid the amount due under their policies. Prior to the commencement of the action the said insurance companies assigned to plaintiffs their rights and causes of action against defendants arising out of the matters stated. It was stipulated by defendants that if plaintiffs were entitled to judgment against either of them, the judgment would go against both.

[1] The evidence in these cases is identical with the evidence in the case of *Dibble* v. *San Joaquin Light & Power Corp., supra,* with the exception that in the cases at bar there was the additional evidence that the team, wagon, and appliances at the scene of the fire were the property of the defendants, and the two men, Moore and Schultz, also there, were employees of the defendants. It thus appears that the evidence in these cases was stronger than that presented in their forerunner, and since the evidence was held to be sufficient to sustain the allegations of negligence set forth in the complaint in that action, it follows that there is little merit in the defendants' contention in these cases that the evidence is insufficient to sustain the findings of the court.

[2] The defendants also contend that the court erred prejudicially in permitting McCabe, against their objection, to answer a certain question. By this witness it had been shown that he had arrived upon the scene just as the fire was

starting; that he observed Schultz and Moore standing by the fire with sacks in their hands, but doing nothing to extinguish the fire or to prevent it from spreading, whereupon this witness testified: "I made a remark to the two men concerning the fire. They said: 'Never mind, partner, we will attend to the fire.'" Defendants complain that this remark was not part of the *res gestae,* and hence inadmissible.

This declaration was competent and relevant. Its import was plainly this: it was a mild rebuke, administered by the employee of the defendants uttering it, to the person who, evidently apprehending danger, ventured to call their attention to the burning grass, together with a hint that it was none of his business. If not his business, whose was it? Evidently theirs. "Never mind, partner, we will attend to the fire"—in other words, "It is our fire." And the jury was justified in inferring from this attitude of these employees of the defendants and the other circumstances of the case that they were responsible for its origin.

Judgment affirmed in each case.

Tyler, P. J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 20, 1922.

All the Justices concurred, except Sloane, J., and Lennon, J., who were absent; Richards, J., *pro tem.,* was acting.