[Civ. No. 125. Fourth Appellate District.—July 12, 1930.]

IRVING A. HANCHETT et al., Respondents, v. CONWAY WISELEY, Defendant; REO MOTOR CAR COMPANY OF CALIFORNIA (a Corporation), Appellant.

Wright & McKee and C. M. Monroe for Appellant.

Arthur F. H. Wright for Respondents.

MARKS, J.—On November 6, 1926, the plaintiffs, who were husband and wife, were riding in an automobile on the highway between San Diego, California, and Tijuana, Mexico. At a point on the highway, approximately ten miles southerly from the city of San Diego, their car came into collision with one driven by Conway Wiseley, and Elizabeth C. Hanchett was injured. A trial by jury was waived and the trial court entered judgment against both defendants. There is no question of Wiseley's negligence and that respondents are entitled to judgment against him.

The trial court found, in its finding number three, "That at the time of said collision said Conway Wiseley was employed by defendant, Reo Motor Car Company of California,

a corporation, as its servant and employee, and at the time of the collision, hereinbefore mentioned, said Conway Wiseley was operating and driving and controlling the said automobile in which he was riding for said defendant, Reo Motor Car Company of California, a corporation, and was acting within the scope of his employment by said Reo Motor Car Company, a corporation, at the time of said collision and as the servant and employee of said defendant, Reo Motor Car Company of California, a corporation." Whether this finding is supported by the evidence is the sole question on this appeal.

█ There is no conflict in the evidence which must be relied upon to support this finding, if it is supported. The evidence shows that Wiseley was employed by the appellant as a salesman to sell new and used automobiles. His hours of employment were from 8 o'clock in the morning until 6 o'clock in the evening of each working day. Appellant furnished him an automobile to be used as a demonstrator in assisting him in making sales to prospective customers. Wiseley was given no particular instructions as to the manner in which he should use this demonstrator except that it must be returned to appellant at 6 o'clock each evening, and that he must not take it to Tijuana without special permission from his employer. He found his own prospects and made his own sales, receiving a commission for his services.

On the day of the accident Wiseley drove to the place of business of Franklin Shields, who had the agency in San Diego for the distribution of a make of automobile other than that sold by appellant. Wiseley and Shields decided to go to Tijuana to get a drink. This was the only purpose of the trip, which they made in the demonstrator car belonging to appellant. After reaching Tijuana, Wiseley proceeded to get drunk, and about 5 o'clock in the evening started back to San Diego alone in the automobile. On the return trip he drove the car into the automobile of respondents, causing the injuries which formed the basis of their suit.

From the evidence before us we cannot escape the conclusion that the trip to Tijuana was made by Wiseley for his own purposes and was not connected in any manner with the business of his employer. We cannot conceive of any

theory upon which a drinking party in Mexico can come within the scope of the employment of an automobile salesman in San Diego.

While it is true that it has been held in this state that the fact that an employee driving his employer's automobile at the time of an accident raises a presumption that the employee is acting within the scope of his employment, this presumption is rebutted and must yield where all the evidence of the case shows that at the time of the accident the employee was off upon a frolic of his own and not upon his master's business. (*Maupin* v. *Solomon*, 41 Cal. App. 232 [183 Pac. 198].) As was said in the Maupin case:

"The inference relied upon by respondent cannot be indulged under the circumstances of this case. It must yield to the direct and unequivocal evidence rebutting such inference. 'Presumptions,' such as the one relied on here, 'are allowed to stand not against the facts they represent but in lieu of proof of facts, and when the fact is proven contrary to the presumption, no conflict arises, but the presumption is simply overcome and dispelled.' (*Savings & Loan Soc.* v. *Burnett*, 106 Cal. 514 [39 Pac. 922].) The authorities in this state abundantly support this view. (*Freese* v. *Hibernia etc. Soc.*, 139 Cal. 392 [73 Pac. 172]; *King* v. *Hercules Powder Co.*, 39 Cal. App. 223 [178 Pac. 531]; *Mullia* v. *Ye Planry Building Co.*, 32 Cal. App. 6 [161 Pac. 1008]; *Mauchle* v. *Panama Int. Exp. Co.*, 37 Cal. App. 715 [174 Pac. 400].)"

Respondents contend that as Wiseley was required to return the automobile to appellant's place of business at 6 o'clock each evening, and that as he was on his way to do this at the time of the accident, he was, therefore, then acting within the scope of his employment. With this contention we cannot agree. He was in Tijuana on his own business, and in returning from his escapade he was still on his own business. This rule has been approved in the cases of *Martinelli* v. *Bond*, 42 Cal. App. 209 [183 Pac. 461]; *Gousse* v. *Lowe*, 41 Cal. App. 715 [183 Pac. 295]; *Musachia* v. *Jones*, 65 Cal. App. 283 [223 Pac. 1006, 1011]. In the last case cited, the court said:

"The testimony clearly establishes that Victor Goodman and the defendant Nunes were off on their own mission, seeking their own pleasure; that they took the Ford truck

as a matter of their own convenience without permission of anyone to reach Walnut Grove in time to enable them to get ready to attend a dance to be held there on Saturday evening, May 22, 1920. Under such circumstances, it was the legal duty of the persons who had taken the truck to return it to the place from whence it had been taken. If the defendant C. W. Jones had learned of the taking of the Ford truck without permission by Victor Goodman and the defendant Nunes and had called either one of them up at Walnut Grove, and directed or requested that they return the truck to the place from which it was taken without permission, and to which place it was their legal duty to return the truck, we do not see how anyone could reasonably argue that the defendant C. W. Jones would by so doing render himself liable for any act of negligence in returning the truck by the person who had wrongfully taken it away, and whose legal duty it was to make the return.''

█ Respondents raise the point that the manager of the appellant corporation knew that Wiseley had on prior occasion driven an automobile while under the influence of intoxicating liquor, and therefore it was negligence on the part of appellant to continue him in its employment. The complaint in this action alleges negligence on the part of Wiseley in the operation of the automobile at the time of the accident, and that at such time he was an agent and servant acting within the scope of his employment. The case was tried upon the theory alleged in the complaint and the findings are based upon such allegations. Now respondents wish us to affirm the judgment because of the negligence of the San Diego manager of appellant in retaining Wiseley in the employ of appellant after he knew Wiseley drank intoxicating liquors. This alleged negligence of the manager was not an issue in the case, and was separate and distinct from the cause of action alleged in the complaint, and cannot be considered here for the first time. (*Carr* v. *Stern,* 17 Cal. App. 397 [120 Pac. 35]; *Langford* v. *San Diego Elec. Ry. Co.,* 174 Cal. 729 [164 Pac. 398].)

█ It is therefore clear that the court's finding number three, which we have quoted, is not only not supported by the evidence, but it is contrary to the evidence. There seems to be no good reason why the case should be tried again as the evidence in the record is full and complete concerning

the employment of Wiseley by appellant, the duties of his employment, and his trip to Tijuana. By section 4¾ of article VI of the Constitution, and section 956a of the Code of Civil Procedure, this court may make findings of fact contrary to, or in addition to, those made by the trial court, where a trial by jury has been waived. In accordance with the authority thus given to us, we do now find: That at the time of said collision Conway Wiseley was employed by defendant, Reo Motor Car Company of California, a corporation, as its servant and employee, and at the time and place of the collision hereinbefore mentioned said Conway Wiseley was operating and driving an automobile belonging to the defendant, Reo Motor Car Company of California, a corporation; that at said time and place he was not acting within the scope of his employment or for said corporation, but was engaged in and upon business of his own.

This court also makes the following conclusions of law: That the plaintiffs, Irving A. Hanchett and Elizabeth C. Hanchett, are entitled to recover of and from Conway Wiseley, by reason of said accident and of the aforesaid findings of fact, the sum of three thousand two hundred and fifty dollars ($3,250) as damages for the injuries suffered by plaintiff Elizabeth C. Hanchett, as alleged in their complaint, together with their costs of suit. That plaintiffs are entitled to recover nothing from the defendant, Reo Motor Car Company of California, a corporation, and it is entitled to recover judgment for its costs against plaintiffs.

The judgment against the Reo Motor Car Company of California, a corporation, is hereby reversed, with instructions to the trial court to enter judgment in favor of said corporation, and against respondents for its costs of suit.

Cary, P. J., and Barnard, J., concurred.