**Laura May Winston, Plaintiff-Appellant, v. Sears, Roebuck and Co., a Corporation, Defendant-Appellee.**

**Gen. No. 51,738.**

First District, Fourth Division.

October 9, 1967.

Rehearing denied and opinion modified January 3, 1968.

Tinney, Bentley, Guthrie, Askow & Howell, of Chicago (Richard James Stevens, of counsel), for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (John F. McClure and Paul L. Leeds, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff sues to recover damages for the torts of trespass, assault and invasion of her right of privacy which she allegedly suffered at the hands of defendant's servants. At the close of plaintiff's evidence, the trial

court concluded that she had failed to establish agency and directed a verdict for defendant. Plaintiff appeals from this directed verdict assigning as error the court's failure to admit certain interrogatories into evidence as well as the court's finding that plaintiff had failed to make out a prima facie case.

In her complaint, plaintiff alleged that agents of defendant forced their way into her apartment, physically assaulted her and removed various items of furniture which she had purchased from defendant under a conditional sales contract. In its answer defendant admitted that various items of furniture had been purchased from defendant under a conditional sales contract but stated that title was reserved in defendant until the full purchase price was paid, that plaintiff was in default and that defendant had the option, upon default, to take back the merchandise. The answer denied that "five duly authorized agents of the defendant" committed the acts complained of.

At the trial plaintiff adduced the following evidence:

Jerome Smith, her six-year-old grandson, was living with her in her six-room apartment at 603 East 60th Street, Chicago. On March 2, 1960, plaintiff had been out working and was due to arrive home at about 6:30 p. m. At 6:30 the doorbell rang and Jerome opened it, expecting his grandmother. Instead, a man flashed a badge, pushed the door open on Jerome, came in and sat down. When plaintiff arrived home at 7:00 p. m. that evening a man was waiting for her in the lobby of her apartment building. He chased plaintiff up the stairs and followed her into her apartment where the other man was waiting. After unsuccessfully attempting to put the men out, plaintiff began to cry. One of the men pushed her down on the couch and pushed her back down each time she tried to stand up. The men read off a list of items which they were there to take. Five men came into the house. They spent four hours in Mrs. Winston's apartment.

During this time she attempted to call her sister, her pastor, her employer and a lawyer she knew. Each time one of the men took the phone from her before she could complete the call. She was forcefully thrown across her bed, felt something snap and bled profusely. She put some keys in her bosom and one of the men reached down her bosom and removed them. The men knocked the drapes off the wall, disconnected the range and carried it out. They dumped the dirty clothes on the bathroom floor and carried out the hamper. The frozen foods were dumped on the floor and the refrigerator removed. They took the Dutch oven, ripped the rugs up and left tacks all over the floor.

During the trial plaintiff sought the admission into evidence of Interrogatories 3, 8 and 9 and the answers thereto. They read as follows:

No. 3. Q. List the names and addresses of all agents or employees of the defendant who made any arrangements concerning the repossession of merchandise from the plaintiff's apartment, which repossession occurred on March 2, 1960.

A. R. W. Prichard
820 S. Scoville, Oak Park, Ill.
P. Janks
10208 S. St. Louis, Evergreen Park, Ill.

. . . . . .

No. 8. Q. State whether subsequent to March 2, 1960, the defendant ever had physical possession of any of the merchandise repossessed from the plaintiff on March 2, 1960.

A. Yes.

No. 9. Q. If the answer to the preceding question is that the defendant had possession of some or all of said merchandise, state

 what disposition the defendant made of such merchandise.

A. The rug has been destroyed.
Drapes now in possession of defendant.
Gas range now in the possession of defendant.
Refrigerator has been sold.
Hamper now in the possession of defendant.
Scale donated to the Chicago Boys' Clubs.
Dutch oven donated to the Chicago Boys' Clubs.

The trial judge refused to admit them into evidence and at the close of plaintiff's case directed a verdict in favor of defendant.

Plaintiff contends that the court erred in directing a verdict for defendant and claims that in refusing to permit the introduction into evidence of Interrogatories 3, 8 and 9 and the answers thereto the court prevented plaintiff from proving a prima facie case. Defendant argues that the answers to the interrogatories were properly excluded as they had no probative value in determining agency. We believe that the answers should have been admitted, since they did have probative value when considered in the light of our views on permissive inferences, hereinafter expressed.

██ Defendant also urges that the court properly directed a verdict in its favor because plaintiff did not sustain her burden of proof in that no direct evidence of agency was introduced. However, a prima facie case can be created by inference or presumption.

In Trustees of Schools of Tp. No. 8 v. Lilly, 373 Ill 431, 26 NE2d 489, the court defined a presumption at page 438:

A presumption is an inference which common sense draws from the known course of events or from circumstances usually occurring in such cases. (Sears v. Vaughan, 230 Ill 572.)

In Johnson v. Pendergast, 308 Ill 255, 139 NE 407, at 261, the court said:

Where two facts are so related to each other that in reason and human experience the existence of one may fairly be inferred from the other, the law may declare that proof of one shall be prima facie evidence of the existence of the other. Such a rule is one which the policy of the law and the ends of justice require, and in every case it is sufficient to authorize the finding of the fact presumed to exist unless contradicted or explained.

See McElroy v. Force, — Ill2d —, — NE2d —.

 In Brill v. Davajon, 51 Ill App2d 445, 201 NE2d 253, the court at pages 449, 450, discussed the creation of a prima facie case of agency:

Generally, a party injured by the negligence of another must seek his remedy against the person who caused his injury. The doctrine of respondeat superior is an exception to this general rule. Under this exception the negligence of an employee is imputable to his employer if the relationship of principal and agent existed at the time of and in respect to the particular transaction out of which the injury arose. Metzler v. Layton, 373 Ill 88, 25 NE2d 60; Union Bank of Chicago v. Kalkhurst, 265 Ill App 254. Thus it matters little that the negligent employee was usually the agent of his employer if, at the time he injured the third party, the relationship of principal and agent was temporarily suspended. If he

was not acting as his employer's agent at the time of the injury, the employer cannot be held liable for his tort. The burden of proving that an employee was acting as the agent of his employer is upon the party who asserts the agency.

The same general principles apply if the injury is caused by an automobile owned by the employer and driven by the employee. In cases where an automobile is involved the plaintiff's burden of proving the driver's agency is initially eased by a presumption which arises from proof or admission of ownership of the automobile: it is then presumed that the automobile is controlled and driven by the agent of the owner. Robinson v. Workman, 9 Ill2d 420, 137 NE2d 804; McCarty v. Yates & Co., Inc., 294 Ill App 474, 14 NE2d 254; Howard v. Amerson, 236 Ill App 587. Moreover, if the name of the defendant is displayed on a motor vehicle, there is a presumption that the vehicle is owned by and operated for the defendant. Sutherland v. Guccione, 8 Ill App2d 201, 131 NE2d 130; Robeson v. Greyhound Lines, Inc., 257 Ill App 278; Bosco v. Boston Store, 195 Ill App 133. These presumptions, while rebuttable, create a prima facie case and throw the burden of going forward with the evidence upon the defendant who then must show nonagency at the time of the occurrence. If such evidence is produced by the defendant the presumptions disappear. With the prima facie case of agency overcome, the overall burden of proving agency remains where it started, upon the plaintiff.

■ While Brill and the authorities cited therein deal with situations involving motor vehicles, these principles are not peculiar to vehicles. In Dibble v. San Joaquin Light & Power Co., 47 Cal App 112, 190 P 198, an appeal was taken from a denial of a nonsuit at close of plaintiff's case. The appellate court affirmed (hearing denied by Supreme Court) holding that plaintiff

364

made out a prima facie case. The court stated at page 199:

Appellants first argue that as there was no direct testimony that either Schultz or Moore were employed by the defendants, and no evidence as to the kind of work they were doing at the time of the fire, they may have been strangers to the defendants and not in any way connected with them. This contention cannot be upheld. The men appeared to be engaged in some kind of work connected with the business of the defendants. They were working on the right of way of defendants' power line. One of them was descending from one of the power line poles. The other was close at hand. No other men were in sight. The implements for their work were scattered about. The fire pot, the torch, and the wagon and team, were all indicia of their employment. The facts were sufficient, in our judgment, to make a prima facie showing of the existence of the relationship of principal and agent between the corporation defendants and the workmen, which, in the absence of evidence to the contrary, was ample to support the findings of the trial court that such relation existed at the time of the fire. 1 Labatt, Master and Servant, § 22, pp 69, 73. *The fact that one is performing work and labor for another is prima facie evidence of an employment and supports a presumption that such person is the servant and employe of the other, in the absence of evidence to the contrary.* King v. Hercules Powder Co., 178 Pac 531; Indiana, etc., Railways v. Adamson, 114 Ind 282, 15 NE 5; Waaler v. Great Northern Railway Co., 22 SD 256, 117 NW 140, 18 LRA (NS) 297; Robinson v. Doe, 224 Mass 319, 112 NE 1007; Bush v. Southern Railway Co., 63 SC 96, 40 SE 1029; Howell v. Mandelbaum & Sons, 160 Iowa 119, 140 NW 397, Ann Cas 1915D, 349. (Emphasis supplied.)

The presumption relates only to the agency question and need not determine ultimate liability.

■ When an owner of personal property makes arrangements to repossess his property from another and gains physical possession thereof, we believe that a reasonable inference may be drawn that the repossessors acted on behalf of the owner of the property. This inference establishes a prima facie case of agency and thus puts the burden on defendant of showing facts which negate his responsibility as principal. Those facts might include evidence that the tortfeasor was acting outside the scope of his employment, as in Brill, or that agency did not exist for some other reason, such as that he was not subject to the necessary control of the defendant.

■ In the instant case defendant's answer admitted that the repossessed items were sold to plaintiff under a conditional sales contract; that there was a default in payment by plaintiff; that under the contract defendant became entitled to the property. The answers to the interrogatories admit that defendant made arrangements to repossess; that the property was received by defendant and that defendant retained some of the items and disposed of the others. The evidence disclosed that the only items which were taken were those included in the conditional sales contract held by the defendant. We believe it is evident that the answers to the interrogatories had worth in testing whether the activities of the men who repossessed defendant's property were on behalf of defendant. Defendant's answer to the complaint, its answers to the interrogatories and the evidence taken together were sufficient to raise an inference of agency and thus establish plaintiff's prima facie case. If defendant then wished to rebut this inference of agency, it was required to proceed with the production of such evidence.

We find that the court erred in denying the admission of the interrogatories and in directing a verdict for de-

fendant. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

ENGLISH, P. J. and McCORMICK, J., concur.