THE PEOPLE ex rel. ILLINOIS STATE DENTAL SOCIETY et al., Plaintiffs-Appellees, v. JOSEPH VINCI, Individually and d/b/a Joseph's Dental Laboratory, Defendant-Appellant.

First District (3rd Division) No. 61389

Opinion filed January 22, 1976.

Gerald Eisen, of Niles (Solomon Kalena, of counsel), for appellant.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (Ellen J. Kerschner, of counsel), for appellees.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant, Joseph Vinci, appeals from the entry of an order which permanently enjoined him from engaging in the unlicensed practice of dentistry. Trial was had without a jury upon a verified complaint for injunction brought in the name of the People of the State of Illinois upon the relation of the Illinois State Dental Society, and Robert H. Griffiths, Lewis L. Weil, and Bert W. Gilbert, individually and as officers and directors of the Society.

Defendant contends that the evidence failed to establish the required status of the plaintiffs as resident citizens and also to establish that the defendant was not licensed to practice dentistry in the State of Illinois. Defendant further contends that the Illinois Dental Practice

Act (Ill. Rev. Stat. 1973, ch. 91, par. 56 *et seq.*) is unconstitutional as applied to him. A brief narrative of the facts follows.

The complaint alleged that defendant had violated sections 3 and 5 of the Dental Practice Act (Ill. Rev. Stat. 1973, ch. 91, pars. 58, 60), specifically, that defendant had represented himself as able to diagnose and treat certain deficiencies or physical conditions of the human teeth, gums and jaws; he had taken impressions of human teeth and jaws incident to the replacement of a part of a tooth, crown, or bridge; he had performed dental operations; and he had furnished or repaired prosthetic dentures, bridges, or other substitutes for natural teeth. The complaint also alleged that the Illinois State Dental Society was a not-for-profit Illinois corporation, and that the three individual plaintiffs were licensed dentists in Illinois and resident citizens of Illinois. Defendant initially filed a motion to dismiss which was subsequently withdrawn. The matter thereafter proceeded to trial without any answer or further pleading being filed by defendant.

Max Sandman and Howard Risberg testified at trial that they were part-time investigators for the Illinois State Dental Society. Sandman, on August 16, 1973, and Risberg, on August 29, 1973, had gone separately to Joseph's Dental Laboratory located at 6234 West Addison Street in Chicago. Each posed as a denture customer for whom the defendant agreed to make dentures. They made several return visits to the laboratory incidental to the fitting and purchase of the dentures. Each testified that no dental license was displayed on the premises. Sandman stated that the defendant told him all of his transactions were conducted in cash and that he gave no receipts. Upon completion of the dentures Sandman made payment to defendant in cash, but Risberg made his payment with a personal check. Risberg stated that defendant instructed him to leave blank the payee on his check. His canceled check, with the name of Dorothy Vinci as payee, was introduced into evidence. The dentures purchased by Sandman and Risberg also were introduced into evidence, as well as a Joseph's Dental Laboratory business card which defendant had given to Sandman.

Defendant presented no evidence but moved for a dismissal at the close of plaintiffs' case. The motion was denied. The trial court then granted the plaintiffs' motion for the entry of a permanent injunction against defendant, and also awarded the plaintiffs $1,058.92 as costs pursuant to the statute. Ill. Rev. Stat. 1971, ch. 91, par. 71a.

Defendant first contends that there was no evidence presented in proof of an essential element of the plaintiffs' cause of action because no evidence was presented that any of the named plaintiffs were resident

citizens of Illinois. Defendant argued in this court that plaintiffs waived their right to rely upon the want of an answer or denial by the defendant to the allegations of resident citizenship in the verified complaint to establish that element by introducing evidence, citing *Murczek v. Powers Label Co.* (1975), 31 Ill.App.3d 939, 335 N.E.2d 172. However, section 17a of the Dental Practice Act declares the unlicensed practice of dentistry to be a public nuisance (Ill. Rev. Stat. 1973, ch. 91, par. 71a), and authorizes an action to enjoin such practice to be maintained by the Illinois Attorney General, State's attorney of any county, or any resident citizen. Inasmuch as the resident citizen status of the named plaintiffs is not a jurisdictional prerequisite to maintaining the action (see *Lustre Products Corp. v. DeMichel* (1973), 13 Ill.App.3d 571, 300 N.E.2d 847 (abstract opinion)), plaintiff's lack of capacity to sue would create a defense which would be subject to waiver unless it was raised at the earliest opportunity at trial. (*Zimmerman Ford, Inc. v. Cheney* (1971), 132 Ill.App.2d 871, 271 N.E.2d 682.) Here, defendant did not question the resident citizen status of the named plaintiffs until the filing of his motion for a new trial. Therefore, the issue was not properly preserved for review under the circumstances.

Defendant next contends that plaintiffs failed to establish by a preponderance of the evidence that he was not in fact licensed to practice dentistry in Illinois. Defendant maintains that there was no direct evidence presented and that the trial court erred in finding from mere inference, that he was not licensed. He additionally asserts that the court erred in not drawing certain inferences favorable to defendant.

■■ Defendant correctly maintains that no direct evidence was adduced to prove that he was not licensed to practice dentistry in Illinois. However, a prima facie case may be established by inference. (*Winston v, Sears, Roebuck & Co.* (1967), 88 Ill.App.2d 358, 233 N.E.2d 95.) At trial Max Sandman testified that defendant told him all his transactions were conducted in cash and that he gave no receipts to his customers. Howard Risberg testified that when he made payment with a personal check defendant instructed him to leave blank the payee's name. Risberg's canceled check was introduced into evidence and contained the name Dorothy Vinci as the payee. Although section 6 of the Dental Practice Act requires that a dental license be displayed in a conspicuous manner at the licensee's office or place of business (Ill. Rev. Stat. 1973, ch. 91, par. 61), both Sandman and Risberg testified that on each of their visits to the defendant's laboratory no dental license was displayed. While section 18 of the Dental Practice Act prohibits the practice of dentistry under other than a licensee's own proper name (Ill. Rev. Stat. 1973, ch. 91, par. 72), the record reflects that defendant carried on his operations

under the name of Joseph's Dental Laboratory. We conclude that the inference arising from the totality of the evidence supports the finding of the trial court that defendant was not licensed to practice dentistry in Illinois.

■■ Defendant's argument that three inferences favorable to him arose at trial but were erroneously ignored by the trial court is without merit. First, he claims that an inference arose in his favor from the failure of plaintiffs to introduce the list of licensed Illinois dentists compiled by the Illinois Department of Education and Registration. However, plaintiffs' evidence, although circumstantial, was sufficient to establish a prima facie case rendering unnecessary further evidence on whether the defendant was licensed. Second, defendant argues that without introduction of the above list, plaintiffs violated the best evidence rule by attempting to prove circumstantially that defendant was not licensed. No inference of any kind would arise from such violation. Furthermore, the rule is not even applicable but is limited to instances where the contents of a writing are in issue and must be proved. (*Hester v. Goldsbury* (1965), 64 Ill.App.2d 66, 212 N.E.2d 316.) Third, defendant argues that because plaintiffs' witnesses testified that they obtained properly fitting dentures, the inference arose that he must have been a duly licensed dentist. Defendant's proficiency is irrelevant as to the question of whether defendant was properly licensed.

■■ Defendant's final contention is that the Dental Practice Act is unconstitutional as applied to him. He argues that the testimony of plaintiffs' witnesses established that he was proficient in the making and fitting of dentures and that therefore, the Act imposes an unreasonable restriction upon a constitutionally protected property right, his occupation. This contention is also without merit. The constitutionality of the Dental Practice Act was affirmed in *People ex rel. Chicago Dental Society v. A.A.A. Dental Laboratories, Inc.* (1956), 8 Ill.2d 330, 134 N.E.2d 285. The court there held that the statutory prohibition against the performance by laymen of prosthetic dental procedures was intimately related to the health, safety and welfare of the general public. Defendant's operations in the instant case were the proper subject of injunction under the provisions of the Dental Practice Act.

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

McGLOON and DEMPSEY, JJ., concur.